## The State v. Braun, *Appellant.*

Criminal Law: SELLING LIQUOR ON SUNDAY: INDICTMENT. An indictment under R. S., sec. 5456, charging that defendant at St. Francois county, state of Missouri, on the 3rd day of April, 1881, said day being the first day of the week commonly called Sunday, he the said defendant being then and there a dram-shop keeper did unlawfully sell intoxicating liquor against the peace and dignity of the state, is sufficient.

*Appeal from St. Francois Circuit Court.*—Hon. Jas. D. Fox, Judge.

Affirmed.

The defendant was indicted at the May term, 1881, of the circuit court of St. Francois county, for selling and giving away intoxicating liquors on Sunday as a dram-shop keeper. The indictment was in two counts, as follows, omitting the commencement: "That one Karl Braun, late of said county of St. Francois, state aforesaid, on the 3d day of April, 1881, said day being the first day of the week commonly called Sunday, he, the said Karl Braun, being then and there a dram-shop keeper, then and there did unlawfully sell intoxicating liquor against the peace and dignity of the state."

The second count charges him with giving away intoxicating liquor on Sunday. Defendant pleaded not

guilty, and waiving a jury was tried by the court sitting as a jury, and found guilty on the first count, and fined five dollars.

*D. H. McIntyre,* Attorney General, for the state.

The motion to quash is not contained in the bill of exceptions, and will not be reviewed. *State v. Gee,* 79 Mo. 313. The indictment follows the language of the statute, and charges the sale of intoxicating liquors. Sec. 5456, R. S., 1879; *State v. Roehm,* 61 Mo. 82. It was sufficient to charge the sale of *intoxicating liquors* without specifying the kind of liquors sold. *State v. Blaisdell,* 33 N. H. 388; *State v. Carpenter,* 20 Ind. 219; *State v. Packer,* 80 N. C. 439; *Com. v. Conant,* 6 Gray 482; *Com. v. Dean,* 14 Gray 99. And the indictment need not allege the name of the person to whom sold nor the price. *State v. Ladd,* 15 Mo. 430; *State v. Spain,* 29 Mo. 415. But it seems to have been held in this state that the kind of liquor must be specified. *State v. Cox,* 29 Mo. 475. It was only necessary to show that the offence in point of time occurred within a year before the finding of the indictment. *State v. Tissing,* 74 Mo. 72; *State v. Findley,* 77 Mo. 338.

No brief for appellant.

SHERWOOD J.—Following the authority of *State v. Roehm,* 61 Mo. 82, the indictment must be held sufficient. Therefore, judgment affirmed. All concur.