STATE OF MISSOURI, Respondent, v. JACOB KURTZ, Appellant.

St. Louis Court of Appeals, December 10, 1895.

1. **Criminal Law**: SALE OF INTOXICATING LIQUORS ON SUNDAY: IN-DICTMENT. An indictment under Revised Statutes, section 4590, which prohibits the sale by a licensed dramshop keeper of intoxicating liquor on a Sunday, need not specify the kind of liquor alleged to have been sold, nor need it designate the defendant's place of business.

2. ———: ———: BURDEN OF PROOF. To warrant a conviction for this offense, the state must establish that the defendant was a licensed dramshop keeper at the time of the commission of the offense.

3. ———: ———: COMPETENCY OF EVIDENCE. Testimony by a deputy excise commissioner, that, in running over the list of licensed dram-shop keepers on file in the office of the excise commissioner, he noticed a name which was the same as that of the defendant, is not compe-tent to establish the issue of the license to the defendant, when the witness did not make the list, nor issue nor see the license, and does not know whether the defendant is the person thus referred to.

4. ———: ———: CONVICTION UNDER REVISED STATUTES, SECTION 3855. A person charged with this offense and proven to have been guilty of the sale of intoxicating liquor on a Sunday, but not shown to be a dramshop keeper, may be convicted under section 3855 of the Revised Statutes.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

REVERSED AND REMANDED.

*Marshall F. McDonald* and *Chester H. Krum* for appellant.

*James L. Hopkins, W. Palmer Clarkson* and *Thos. E. Mulvihill* for respondent.

BIGGS, J.—The defendant was prosecuted under an information presented in the St. Louis court of crim-

inal correction. It was charged that he was a dram-shop keeper and that he had sold intoxicating liquors on Sunday. He was convicted as charged in the information, and on this appeal he complains of the insufficiency of the evidence to sustain the charge and of the admission of incompetent evidence, and also of the insufficiency of the information.

The objections to the information are, that it does not specify the kind of liquor sold and does not designate the defendant's place of business. The charge is, that the defendant sold "intoxicating liquors." In this the information followed the language of the statute (R. S., section 4590), which has been held sufficient by the supreme court as to indictments drawn under this section. *State v. Roehm*, 61 Mo. 82; *State v. Braun*, 83 Mo. 480. Neither is there any merit in the remaining objection. We can imagine no good reason for requiring the defendant's place of business to be designated.

The assignment, that there was no proof that intoxicating liquor was sold, is not borne out by the record. There was evidence tending to prove that the defendant sold a bottle of whisky at the time alleged in the information.

The assignment, that there is no competent evidence to prove that the defendant was a licensed dram-shop keeper, must be sustained. The information is drawn under section 4590, which provides: "Any person having a license as a dramshop keeper, who shall * * * sell, give away, or otherwise dispose of or suffer the same to be done upon or about his premises, any intoxicating liquors, in any quantity, on the first day of the week, commonly called Sunday, * * * shall, upon conviction thereof, be punished by fine not less than fifty, nor more than two hundred dollars, shall forfeit such license, and shall not again be allowed to obtain a license to keep a dramshop for the term of two years

next thereafter." To warrant a conviction under this section, which carries with it the revocation of the defendant's license and prevents him from obtaining another within two years thereafter, the burden is on the state to prove that the defendant was a licensed dramshop keeper at the time the offense was committed. There was no evidence of that fact in this case. The state introduced the deputy excise commissioner, who testified that, in running over the list of licensed dramshop keepers in the city of St. Louis and on file in the office of the excise commissioner, he noticed the name "Jacob Kurtz." The witness did not make the list, did not issue nor see the license, had never seen the defendant, and did not know whether he was the same person whose name appeared on the list or not. The statements of this witness can not be characterized as evidence at all. They did not tend to prove anything. The best secondary evidence of the fact in issue would have been the record kept by the excise commissioner, which could only have been competent upon failure by defendant, after notice, to produce his license, if he had one, at the trial. It is clear that the present judgment can not stand.

The court should have instructed the jury that they could not find the defendant guilty as charged, but if they believed that he had sold whisky at the time alleged, it was their duty to convict him under section 3855 of the statute, which makes it a misdemeanor for *any person* to sell fermented or distilled liquors on Sunday. *State v. Heckler*, 81 Mo. 417.

With the concurrence of the other judges, the judgment of the court of criminal correction will be reversed. As the defendant may be tried for a violation of section 3855, *supra*, the cause will be remanded. It is so ordered.