STATE OF MISSOURI, Respondent, v. WILLIAM REPPETTO, Appellant.

St. Louis Court of Appeals, April 7, 1896.

1. Criminal Law: EVIDENCE OF LICENSE TO DRAMSHOP KEEPER: RECORDS OF EXCISE COMMISSIONER. The records of the excise commissioner are but secondary evidence of the issue of a license to a dramshop keeper, the license itself being the best evidence. Accordingly, such records are not competent evidence of the issue of the license in a proceeding against the dramshop keeper, when he has not been notified to produce the license.

2. ———: BURDEN OF PROOF: INSTRUCTIONS. When a dramshop keeper is prosecuted criminally for an illegal sale of intoxicating liquor and pleads not guilty, he is entitled to an instruction that he should be acquitted unless his guilt is shown beyond a reasonable doubt.

3. ———: POLL OF JURY. A litigant is entitled to a poll of the jury, when he demands it.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

REVERSED AND REMANDED.

*McDonald & Howe* and *Chester H. Krum* for appellant.

No brief filed for respondent.

BOND, J.—Defendant was prosecuted for keeping open a drinking saloon and selling intoxicating liquors on Sunday, in violation of Revised Statutes of 1889, section 4590, a trial resulting in his conviction and the imposition of a fine of $50 and sentence accordingly. He appeals to this court, and assigns for error that there was no evidence on the trial tending to show that he was a licensed dramshop keeper. The only evidence adduced by the state on this point was the statement of a deputy excise commissioner, who stated that he had charge of the records of the excise commissioner's office; that no record appeared of the issuance of a license to William Reppetto, but that the books in his custody showed the issuance of a license to Paul Reppetto; that this license was issued to defendant who gave that name when he applied.

The records of the excise commissioner's office are secondary evidence. They are not competent except upon failure of the defendant, after notice, to produce the original. There is no evidence in this case showing notice upon the defendant to produce his license; hence his objection to the competency of the record of the excise commissioner's office should have been sustained. *State v. Kurtz*, 64 Mo. App. 123. As it was essential to the maintenance of the prosecution, as framed, that the state should prove the defendant was a licensed dramshop keeper, its failure in that respect entitled him to the instruction called for by his demurrer to the evidence.

The court likewise erred in not embracing in its instructions the rule that, unless defendant's guilt be shown beyond a reasonable doubt, he should be acquitted. *State v. Gonce*, 79 Mo. 600; *State v. Gullette*, 121

Mo. 447.    The interposition of a plea of not guilty entitles every defendant to the benefit of this rule.

The court also erred in refusing to grant defendant's request for a poll of the jury upon the rendition of their verdict.    This is a right secured to litigants by law to enable them to determine. that the verdict rendered was that of each member of the jury.    *Norvell v. Deval*, 50 Mo. 272.

The defendant in this case may be tried under Revised Statutes, 1889, section 3855.    Hence, the judgment will be reversed and the cause remanded. All concur, Judge ROMBAUER in the result.