STATE OF MISSOURI, Respondent, v. J. H. YOUNG *et al.*, Appellants.

### St. Louis Court of Appeals, February 15, 1898.

Criminal Law : SELLING LIQUOR ON SUNDAY: INDICTMENT: SUFFICIENCY. An indictment, based on section 21, Session Acts 1891, page 131, charging defendants with selling liquor on Sunday in violation thereof, but failing to charge in the language of the statute, that the alleged sales were made by defendants "upon or about their premises," is fatally defective, both at common law and under the statute. *State v. Roehm*, 61 Mo. 82, followed by *State v. Braun*, 83 *Id.* 480, distinguished.

*Appeal from the Wayne Circuit Court.*—HON. JAMES F. GREEN, Judge.

REVERSED AND REMANDED.

*Raney & Carty* for appellants.

The indictment is drawn with the evident intention of charging a violation of section 21 of the dramshop law of 1891, and is fatally defective in failing to charge the alleged offense in the language of the statute. Sess. Acts 1891, p. 131.

The defect in the indictment being fatal, a motion to quash, or in arrest, is not necessary, as this court will notice the defect on appeal. *State v. Meyers*, 99 Mo. 112; *State v. Fleming*, 117 *Id.* 377.

No brief filed for respondent.

BLAND, P. J.—The indictment is as follows:

"STATE OF MISSOURI,  ⎫
              ⎬ ss.     Indictment.
"COUNTY OF WAYNE. ⎭

In the circuit court, August term, 1895.

"The grand jurors for the state of Missouri, impaneled, sworn and charged to inquire within and for the body of the county of Wayne and state of Missouri, aforesaid, upon their oath present and charge that J. H. Young and James D. Young, at said county and state, on the second day of June, 1895, said day being the first day of the week, commonly called Sunday, they the said J. H. Young and James D. Young, being then and there dramshop keepers, then and there did unlawfully sell intoxicating liquors, to wit, one glass of beer, one glass of whiskey, one glass of wine and one glass of alcohol; against the peace and dignity of the state."

The proof was that the defendants were dramshop keepers, duly licensed as such by the county court of Wayne county; that on Sunday, June 2, 1895, their dramshop was open, and that one of them sold beer and received pay therefor, and that the other defendant came into the dramshop while open and passed out. The jury found a verdict of guilty against each of the defendants and assessed the punishment of each by a fine of $50, upon which a judgment was rendered. From this judgment after unsuccessful motions in arrest and for new trial, defendants duly appealed.

The principal contention here is that the indictment is fatally defective in that it fails to allege the offense for which appellants were convicted in the language of the statute creating the offense. The intention of the pleader was to charge an offense

SELLING liquor on Sunday: indictment: sufficiency.

under section 21, Acts 1891, page 131, which reads as follows:

"Any person having a license as a dramshop keeper, who shall keep open such dramshop, or shall sell, give away or otherwise dispose of, or suffer the same to *be done upon or about* his premises, any intoxicating liquors, in any quantity, on the first day of the week, commonly called Sunday, or upon the day of any general election in this state, shall, upon conviction thereof, be punished by a fine not less than fifty nor more than two hundred dollars, shall forfeit such license, and shall not again be allowed to obtain a license to keep a dramshop for the term of two years next thereafter."

A trial was had and a verdict was rendered for a violation of the provisions of this section. An examination of the indictment discloses the fact that the indictment fails to use the words of the statute descriptive of the offense or any equivalent words. The sale is not directly or by reasonable intendment charged to have been made *upon or about the premises* of the defendants, yet to bring the offense within the statute the sale must have been made upon or about their premises. To have made the sale elsewhere would have been a violation of section 3855, Revised Statutes 1889, but not of section 21, *supra*, concerning dramshop keepers. The fact that the sale was made upon or about the premises of defendants, was a substantive fact and an element of the crime. It is fundamental that such facts must be alleged in every indictment, whether the crime be one at common law or under a statute. *State v. Green*, 111 Mo. 585; *State v. Reed*, 117 Mo. 604; *State v. Kirby*, 115 Mo. 440; *State v. Emerich*, 87 Mo. 110; *State v. Baskett*, 52 Mo. App. 389.

In *State v. Braun*, 83 Mo. 480, an indictment like

the one at bar and bottomed on the statute identical with section 21, *supra*, was seemingly approved by our supreme court. The opinion is in three lines, and is as follows: "Following the authority of *State v. Roehm*, 61 Mo. 82, the indictment must be held sufficient." By turning to the *Roehm* case it will be seen that he was not indicted as a dramshop keeper, nor under the dramshop section for selling on Sunday, but under the general statute against selling goods, wares and merchandise on Sunday, then section 35, Wagner's Statutes 504, now section 3855, Revised Statutes 1889. The attention of the supreme court in the *Braun* case was not called to the marked distinction between the two statutes, and the *Braun* case is not authority in support of the indictment in this case. The indictment violates the fundamental principle of all good criminal pleadings, that every fact essential to make out and describe the offense charged must be alleged in the indictment, and we know of no case where our supreme court has deliberately departed from this rule. But as the defendants may be prosecuted on this indictment for a violation of section 3855, *supra*, under the authority of *State v. Kurtz*, 64 Mo. App. 123, and *State v. Heckler*, 81 Mo. 417, we reverse the judgment and remand the cause. All concur.