State v. Barnett.

STATE OF MISSOURI, Respondent, v. BARNETT, Appellant.

St. Louis Court of Appeals, February 21, 1905.

1. **DRAMSHOP-KEEPER: Information.** Under the definition of a dramshop-keeper in section 2990 of the Revised Statutes of 1899, an information charging a dramshop-keeper with keeping his dramshop open on Sunday, in violation of section 3011, is sufficient to support a conviction, although the word "licensed" is omitted from the information.

2. ———: **License: Record of County Court.** In a prosecution of a dramshop-keeper for keeping his dramshop open on Sunday, the record of the county court granting the license to him is conclusive evidence that the license was granted, but is not evidence that the license was issued or delivered.

3. ———: ———: **Secondary Evidence.** The testimony of the county clerk that he issued the license, and his official memorandum containing a list of the licenses issued, are incompetent to prove the issuance and delivery of the license, in the absence of evidence showing that notice was given to the defendant to produce his license and a foundation thus laid for the introduction of secondary evidence.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANED.

*C. G. Shepard* for appellant.

In this case no attempt was made to introduce the license, if any was in existence; but the State relied solely on secondary evidence, which evidence is not admissible in any case until the primary evidence is shown to be lost, or not within reach of the court. State v. Heckler, 81 Mo. 417; State v. Kurtz, 64 Mo. App. 123; State v. Harmon, 106 Mo. 635, 18 S. W. 128.

*L. L. Collins* for respondent.

(1) The information in this case is sufficient. State v. Braum, 83 Mo. 480, and authorities cited. (2) There is no merit in appellant's contention that the State failed to prove by competent testimony that appellant was a licensed dramshop keeper. State v. Kurtz, 64 Mo. App. 123.

BLAND, P. J.—1. Defendant was convicted and fined in the Pemiscot Circuit Court for selling intoxicating liquors on the first day of the week, commonly called Sunday, in violation of section 3011, of the Dramshop Act, Revised Statutes 1899. After taking the usual preliminary steps, defendant appealed to this court.

The information charged the defendant with having made the sale as a dramshop keeper. For the reason the term "dramshop keeper" is not preceded by the word "licensed," it is contended by the appellant that the information does not state facts sufficient to constitute an offense under section 3011, supra. By section 2990 of the Dramshop Act a dramshop keeper is defined to be "a person permitted by law, being licensed according to the provisions of this chapter (chapter 22) to sell intoxicating liquors in any quantity, either at a retail or in the original package, not exceeding ten gallons." Section 3011, for a violation of which defendant was convicted, prohibits any person having a license as a dramshop keeper to keep open such dramshop "on the first day of the week, commonly called Sunday." The information does not follow the language of the statute, in that it omits to state that defendant was a licensed dramshop keeper. It would have been better pleading if the information had followed the language of the statute creating the offense by alleging that the defendant was a licensed dram-

shop keeper, however, the term "dramshop keeper" is defined by the statute (section 2990) as "a person permitted by law, being licensed according to the provisions of this chapter (22) to sell intoxicating liquors," etc. Under this definition the term "dramshop keeper," as used in the information, implies that the defendant had a license, and for this reason we think the information is sufficient to support the conviction. [State v. Shafer, 82 Mo. App. 58.]

2.    To prove that defendant was a licensed dramshop keeper the State, over the objection of defendant, offered and read in evidence, from the records of the county court of Pemiscot county, an order of the court granting a dramshop license to the defendant, showing the date of issuance and expiration. This license expired prior to the alleged Sunday sale, and the State offered a record made by the clerk of the county court of dramshop license that had been issued thereafter, showing both the date of issuance and expiration. It appeared from this list that, on the expiration of the first license granted by the county court, a second license was issued by the clerk in vacation, which license was in force on the date of the alleged sale. The clerk also testified that he issued this license in vacation and that it was a renewal of the first or original license. The objection made to this evidence was that the license was the best evidence and unless notice had been served on the defendant to produce it at the trial, secondary evidence was not admissible. The county court is a court of record. The record of the order granting the first license shows that the defendant was a party to the proceedings resulting in the order; being a party thereto, he is concluded by the order and it was original evidence as against him. [1 Greenleaf on Evidence, sec. 522; Williams v. Mitchell, 112 Mo. 300, 20 S. W. 647; Gentry v. Field, 143 Mo. 399, 45 S. W. 286.] The order of the county court, however, did not contain the license, and for this reason was not evidence that one

was issued. It only showed that a license had been granted to defendant, not that one had been actually issued and delivered. The clerk of the county court testified that a license was issued on the order, that it expired and he renewed the same in vacation, and read from a record or memorandum of licenses issued, kept by himself, which showed the date of the renewal license issued to the defendant and that it was in force at the date of the alleged sale. This list of licenses issued was nothing more than an official memorandum made by the clerk to which defendant was not a party, and it was not original evidence as against him. The license itself was the best evidence and should have been produced or its non-production accounted for. The case being a criminal one, defendant could not be compelled to produce his license, but this fact did not avoid the necessity of notice on him to produce his license, if he had one, in order to lay a foundation for the introduction of secondary evidence. [State v. Lentz, — Mo. —, 83 S. W. 970.]

The judgment is reversed and the cause remanded. All concur.