STATE OF MISSOURI, Respondent, v. ESSMAN, Appellant.

**St. Louis Court of Appeals, March 7, 1905.**

1. **CRIMINAL PRACTICE: Information: Affidavit.** An information filed by a prosecuting attorney, not verified but based on information and belief given him by the affidavit of another person, will not support a conviction, though it sufficiently charges the offense, if the affidavit upon which it is based fails to state an offense.

2. ———: ———: **Selling Liquor to Minors.** It *seems* that an information founded on section 3009, Revised Statutes of 1899, charging a dramshop keeper with selling intoxicating liquors to a minor without the written permission of the parent, etc., would be sufficient without charging that the act was done on or about the premises of the dramshop keeper.

3. ———: ———: **Affidavit: Selling Liquor to Minors.** And where the information filed by the prosecuting attorney is entirely sufficient, charging that the act was done on the premises of the dramshop keeper, it was not necessary that the affidavit, on which it was based, should contain that statement in order to support a conviction.

Appeal from Crawford Circuit Court.—*Hon. Leigh B. Woodside*, Judge.

AFFIRMED.

*Harry Clymer* for appellant.

(1) The prosecuting attorney having filed the affidavit of the prosecuting witness with his information, the fact is conclusive that the affidavit is the basis upon which the prosecution must rest. Revised Statutes 1899, section 2477; State v. Fuser, 75 Mo. App. 263; State v. Boggess, 86 Mo. App. 639; State v. Meadows, 81 S. W. 463. (2) The information having been bottomed on the affidavit, it is absolutely essential that the affidavit should charge an offense under the law, in

order to support the information. And to do this, the affidavit must state all the essential elements of the offense charged. Revised Statutes 1899, section 2478; State v. Cornell, 45 Mo. App. 94; State v. Grubb, 71 Mo. App. 214. (3) The affidavit did not attempt to charge the offense in the language of the statute; it did not charge the alleged sale to have been on or about the premises of the defendants. This was an element of the crime charged, and was necessary to make out the offense. Revised Statutes 1899, section 3009; State v. Young, 73 Mo. App. 602.

*A. H. Harrison* for respondent.

(1) The affidavit and information charges the offense in the language of the statute and is sufficient. Revised Statutes 1899, section 3009; State v. West, 157 Mo. 309, 57 S. W. 1071; State v. Hendrickson, 165 Mo. 262, 65 S. W. 550; State v. Braun, 83 Mo. 480; State v. Roehm, 61 Mo. 82; State v. Sauerburger, 64 Mo. App. 129; State v. Kurtz, 64 Mo. App. 123. (2) Where the statute individuates the elements of the crime, it is sufficient to charge the offense in the language of the statute. (3) Section 3009, under which defendant was prosecuted, sets forth several acts, the commission of any one of which would be an offense under the terms of the section, all of which by the terms of the section are disjunctive, and the information should and does inform the defendant of the nature and cause of the accusation against him, which under the law is sufficient. Revised Statutes 1899, section 3009; State v. Thierauf, 167 Mo. 429, 67 S. W. 292; State v. Quinn, 94 Mo. App. 59, 67 S. W. 974; State v. Apperger, 80 Mo. 173. (4) The affidavit, filed with the information, need not be as technical as the information. Revised Statutes 1899, sections 2477 and 2478; State v. Morse, 55 Mo. App. 335. (5) Where the defendant charges error, which if committed in this case, was committed at his in-

stance, he will not be heard to complain. Revised Statutes 1899, section 2535. (6) Section 3009 is not confined to dramshop keepers alone but includes any other person. Draper v. Fitzgerald, 30 Mo. App. 518.

GOODE, J.—This defendant was convicted of selling intoxicating liquor to Lewis Hughes, a minor, without the written permission of said minor's parents. The testimony tended to prove that Essman himself made the sale. The information is founded on section 3009 of the Revised Statutes of 1899, and was filed by the prosecuting attorney of Crawford county, but not verified by his oath. This is the statute:

"Every dramshop keeper, or any other person, who shall sell, give away or otherwise dispose of or suffer the same to be done about his premises, any intoxicating liquors in any quantity to any minor, without the written permission of the parent, master or guardian of such minor first had and obtained, or who shall have in his employ about his dramshop or therein to play at cards, dominos, dice, billiards, pigeon-hole, pool or any other game, without such written permission aforesaid, shall forfeit and pay to such parent, master or guardian, for every such offense, the sum of fifty dollars, to be recovered by the party entitled thereto by civil action in any court of competent jurisdiction against such dramshop keeper, by suit in such court on the bond of such dramshop keeper, in the name of the county, to the use of the person entitled to sue: provided further that every dramshop keeper who shall violate the provisions of this section, in addition to the civil liability to the parent, master or guardian herein provided for, shall be deemed guilty of a misdemeanor, and be punished by a fine of not less than fifty or more than two hundred dollars; and every action brought by virtue of this section shall be commenced within one year from the time the right of action accrued."

The information shows on its face that it was based

on the information and belief of the prosecuting attorney derived from the affidavit of Nora Hughes. The affidavit reads:

"In the Circuit Court, February Term, 1904.
"State of Missouri, County of Crawford. ss.
State of Missouri, Plaintiff,

v.

Herman Essman and
William Stough, Defendants.

"Personally appeared before me the undersigned judge of the probate court within and for Crawford county, Missouri, one Nora Hughes, who being duly sworn by me upon oath says that Herman Essman and William Stough, then and there being licensed dram-shop keepers in Steelville, Crawford county, Missouri, at and in the said county and State, did on the 31st day of January, 1904, unlawfully and wilfully sell, give away and dispose of intoxicating liquors, to-wit: one pint of beer to Lewis Hughes, a minor, under the age of twenty-one years, without the written permission of the parent or guardian of said Lewis Hughes first had and obtained, and against the peace and dignity of the State.

(Signed)                                    "NORA HUGHES.

"Subscribed and sworn to before me, this 17th day of February, 1904.

"FRED J. SMITH,
· "Judge of Probate."

The information charged that Herman Essman and William Stough, did "unlawfully and wilfully sell, give away and otherwise dispose of or suffer the same to be done about their premises, certain intoxicating liquors," etc. No point is made against the validity of the information; but the affidavit of Nora Hughes on which the information was based, is attacked as insufficient because it does not state that the accused sold or suffered the beer to be sold on their premises. It will be observed that said averment is omitted from the affidavit, but is

contained in the information. The contention is. that it was necessary for the affidavit to contain it, too. It should be stated that Stough was acquitted at the trial and Essman (the appellant) convicted.

The information was filed in the circuit court under section 2477 of the Revised Statutes of 1899, and the affidavit was filed under the authority of section 2478 (amended in Acts of 1901, p. 139). As the information was not verified by the prosecuting attorney, but was based on the information and belief given him by the affidavit, the fact that the information sufficiently charged the offense will not support the conviction if the affidavit was defective—that is, if it contained a statement of the offense less complete than is required in an informing affidavit. State v. Hayward, 83 Mo. 299; State v. Boggess, 86 Mo. App. 632. Possibly the entire section (3009) against the sale of intoxicating liquors to minors is directed against dramshop keepers; several provisions in it look that way. The last clause of the statute is undoubtedly leveled at dramshop keepers and no one else; for it reads: "Provided, therefore, that every dramshop keeper who shall violate the provisions of this section, in addition to the civil liability to the parent, master or guardian herein provided for, shall be deemed guilty of a misdemeanor and be punished by a fine of not less than $50 or more than $200." That is the part of the section which created the criminal liability for selling liquor to a minor without permission of the parent, master or guardian. It refers to the previous provisions of the section and says a violation of them by a dramshop keeper shall constitute a misdemeanor. Therefore a dramshop keeper will be guilty of a misdemeanor, as well as civilly liable, if he either personally sells liquor to a minor or suffers it to be sold to one about his premises. Two distinct offenses are created by the statute, either of which a dramshop keeper may commit. I incline to the opinion that an indictment or information

charging a person as dramshop keeper with selling intoxicating liquor to a minor wthout permission of the parent, master or guardian, states an offense under the statute, and that it is unnecessary to allege the act was done about the dramshop keeper's premises, except when he is accused, not of selling himself, but of suffer a sale. In State v. Young, 73 Mo. App. 602, this court, in construing section 3011, of the Revised Statutes, which prohibits the keeping open of dramshops or the sale of liquors therein on Sunday, held that an indictment against a dramshop keeper for selling intoxicating liquor on Sunday was bad unless it was charged the sale was made on or about his premises. This point has been decided the other way, either intentionally. or inadvertently. State v. Braun, 83 Mo. 480; State v. Kurtz, 60 Mo. App. 123, 124. But the statute involved in those decisions has a different purpose from the one we are considering. Its purpose is to force the closing of saloons and the cessation of the liquor traffic on Sunday. The essential object to be attained is the decorous observance of that day, free from the disturbance of open dramshops or the disorderly conduct of drunken men. Another section (2243) suffices to prohibit sales of liquor, as well as other commodities, elsewhere than in a saloon, on Sunday. The object of the statute in hand is to prevent minors from procuring intoxicating drink and the law is directed principally, at least, against dramshop keepers; because a minor is more likely to get intoxicants from them than elsewhere. I think where the dramshop keeper himself makes a sale to a minor, it is sufficient to charge him with being a licensed dramshop keeper and making the sale as such, without saying he did so on or about his premises.

But the point for decision is not what is necessary to be stated in an information, but what is necessary in an affidavit by a private person to constitute it a sufficient foundation for an information. An accused person may demand that he be not proceeded against by a

criminal information until the prosecuting attorney is willing to make affidavit, according to his information and belief, that the accused has committed a crime, or some one else, competent to testify as a witness in the case, is willing to do so. This is to protect citizens from prosecutions based on rumors. State v. Hayward, 83 Mo. 299. But a private affiant may make his affidavit before any person having power to administer an oath, and file it with the clerk of the court having jurisdiction of the offense, for the use of the prosecuting attorney (sec. 2478). In view of the informal manner in which the affidavit may be prepared, it cannot be the purpose of the law to require it to state the crime technically, as that would be beyond the capacity of men unlearned in criminal law. The statute says the affidavit shall set forth the offense. This we understand not to intend that the affidavit must be as complete and full as an indictment or information; and so the cases hold. The purpose of the affidavit is to give notice to the prosecuting attorney, from one who knows and is competent to swear, that a crime has been committed and who the witnesses to prove it are. The purpose of the subsequent official information is to apprise the accused of the offense with which he is charged. The right of the accused to challenge the affidavit, as said, is allowed to keep down prosecutions on rumor and to make the affiant in a sense responsible by requiring him (if a private person) to swear of his own knowledge. It would be a most extreme technicality to hold the omission from the affidavit in question of a statement that the defendant sold the liquor on his premises, rendered it necessary to quash the information, even if such an averment is necessary in the information itself in order to completely charge the offense.

It was objected that secondary evidence of the defendant's license as a dramshop keeper was admitted. The evidence admitted was the record of the county court showing a license was ordered issued to the de-

fendant and the testimony of the clerk of the court that he issued the license pursuant to the order. This evidence was received after the State had shown notice to the defendant to produce his original license and failure to comply with the notice.

The judgment is affirmed. All concur.