STATE OF MISSOURI, Respondent, v. MULLOY, Appellant.

St. Louis Court of Appeals, April 4, 1905.

1. DRAMSHOP KEEPER: Secondary Evidence. In a prosecution of an alleged dramshop keeper for a violation of section 3011, Revised Statutes of 1899, the records showing the issuance of a license to the defendant was secondary evidence and not admissible when the defendant had not been notified to produce his license.

2. ————: Renewing License. The order of the county court renewing a dramshop license need not recite the making of the original order or the granting of the previous license.

3. ————: Validity of License: Collateral Attack. The validity of the order of the county court granting a dramshop license can not be questioned by the holder of the license in a prosecution of him for violation of section 3011, Revised Statutes of 1899

Appeal from Barry Circuit Court.—*Hon. Henry C. Pepper*, Judge.

REVERSED AND REMANDED.

*Davis & Steele* for appellant.

(1)   The court committed error in permitting the witness Mayhew to testify that defendant was engaged in the saloon business. It was necessary for the State to prove by competent evidence that defendant had a license as a dramshop keeper. Secondary evidence could not be received of that fact except on timely notice and refusal to produce license. State v. Kurtz, 64 Mo. App. 123; State v. Reppetto, 66 Mo. App. 251.

(2)   Although it devolved upon the State to prove that defendant had a license as a dramshop keeper the record introduced fails to show that a license was issued or a single jurisdictional fact that would authorize the county court to issue a license.   Tanner v. Bugg, 74 Mo. App. 198; State ex rel. v. Higgins, 71 Mo. App. 180.

(3)   Juridiction of county court to grant a license must appear on the face of the proceedings; otherwise they are void.   State ex rel. v. Heege, 37 Mo. App. 338; State ex rel. v. Cooper Co. court, 66 Mo. App. 96.

(4)   Where it appears from the entire record that the court had no jurisdiction over the person or subject-matter, the judgment is void and will be so regarded in a collateral proceeding.   Howard v. Thornton, 50 Mo. 291; Hope v. Blair, 105 Mo. 85, 16 S. W. 595; Wyeth Hardware and M'fg. Co. v. Lang, 54 Mo App. 147; Decker v. Lidwell, 3 Mo. App. 586; Railway v. Reynolds, 89 Mo. 146, 1 S. W. 208; Hutchinson v. Shelley, 133 Mo. 400, 34 S. W. 838.

(5)   Advantage may be taken of a void judgment collaterally.   McNair v. Biddle, 8 Mo. 257; Abbott v. Sheppard, 44 Mo. 273; Higgins v. Peltzer, 49 Mo. 152.

And this may be true even though jurisdiction of the person appears affirmatively from the record. . Meyer v. Hartman, 14 Mo. App. 30; Napton v. Leaton, 71 Mo. 358.

*D. H. Kemp* for respondent. .

BLAND, P. J.—Defendant appealed from a conviction on an information charging him with a violation of section 3011, of the Dramshop Law, R. S. 1899, that is, that having a license as a dramshop keeper, he kept his dramshop open on the first day of the week, commonly called Sunday. The record fails to show that defendant was arraigned or that an issue was tendered by his entry of his plea of not guilty. No notice was served on defendant to produce his dramshop license at the trial. After the trial began defendant was asked by the prosecuting attorney if he would produce his license; his counsel answered that no notice had been served on defendant to produce his license. The prosecuting attorney then stated that notice to produce his license at the last previous terms, in two other State cases pending against the defendant, had been waived by him but that no notice had been given to produce the license in the case then on trial. The court then asked defendant's counsel if they would produce the license. Counsel answered that the license was at Monett (a town some distance from the county seat of Barry county). Thereupon the State was allowed to prove, over the objection of defendant, that defendant was engaged in the saloon business, in the town of Monett; and the deputy county clerk of Barry county was introduced as a witness and produced the collector's register of dramshop license, showing that a dramshop license had been issued to defendant covering the period alleged in the information. Witness also read from the records of the county court, the following entry:

"In the matter of application of R. A. Mulloy.

"Application for a renewal of dramshop license, Monday, January 5, 1903.

"And now the above application coming on to be heard, and it appearing to the satisfaction of the court, that said application is accompanied with statement and bond not to adulterate, and affidavit of dramshop keeper, which said application, affidavit and bond is by the court seen, examined and approved, it is therefore ordered by the court that the clerk of this court issue R. A. Mulloy a license to keep a dramshop at his stand in lot 1, in block 4, in the city of Monett, Missouri, for the term of six months from the eleventh day of July, 1903, upon the payment to the collector of the revenue of the sum of $55, as State tax and the sum of two hundred and fifty dollars no one hundredths, as county tax on said license together with the ad valorem taxes due thereon and clerk and collector's fees therein."

In State v. Reppetto, 66 Mo. App. 251, it was held that the record of the issuance of a dramshop license was secondary evidence and not admissible when the dramshop keeper had not been notified to produce his license. The same ruling was made by us at the October term, 1904, in the case of State v. Barnett, 85 S. W. 613.

The case of State v. Gillespie, 104 Mo. App. 400, 79 S. W. 477, cited and relied on by respondent is disapproved.

The appellant contends that the order of the county court granting a renewal of his license is void on its face for the reason it does not show that a license was granted on the petition of taxpayers. The order is a mere renewal order, not one made upon an original application for a license, and for this reason it was not necessary to recite the making of the original order for the granting of a previous license; nor do we think the appellant can raise the question of the validity of his license in this proceeding by attacking the order or judgment of the county court granting the license. To do so would be to attack the record and judgment of a court

of record in a collateral proceeding. This cannot be done by either party to the proceedings, and appellant was a party to the order of the county court granting him a license and is conclusively bound thereby and his license issued in pursurance thereof is valid until revoked or annulled in a direct proceeding for that purpose. For the errors herein noted the judgment is reversed and the cause remanded. All concur.