## THE STATE OF MISSOURI, Respondent, v. JAMES E. MADEIRA, Appellant.

### Kansas City Court of Appeals, June 3, 1907.

1. **SUNDAY LAW: Selling Liquor: Fixing Date: Evidence.** In a prosecution for keeping a saloon open and selling liquor on Sunday it devolves on the State to show that the offense had been committed prior to the prosecution; and where the evidence only shows it was on a Sunday in August without showing whether before or after the filing of the information on the sixteenth of August, it is insufficient.

2. ———: **Evidence: License: Delivery.** The order of the county court granting a license is conclusive that the same was issued but is not evidence of its delivery; and ordinarily the rules of evidence require the production of the license itself. *Held,* however, in a prosecution for selling liquor on Sunday the service of a notice on defendant to produce his license and a copy of the license in connection with other facts, such as the bond reciting that the license had been issued, is a sufficient showing not only of the issuance but of the delivery of same.

3. ———: ———: **Selling Liquor: Agent.** Evidence reviewed and held sufficient to support a conviction for permitting liquor to be sold on the premises on Sunday and to show that the person selling the liquor was in the employ of the defendant.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

REVERSED AND REMANDED.

*Grayston & Graham* for appellant.

(1) The order of the county court granting a license to the defendant did not constitute defendant a licensed dramshop keeper. The license must be actually issued and delivered. State v. Totman, 82 Mo. App. 56; State v. Barnett, 110 Mo. App. 592; State v. Hughes, 24 Mo. 147; 23 Cyclopedia of Law, 111; 17 Am. and Eng. Ency. of Law, 236. (2) The state must show, affirmatively, that the offense was committed prior to the filing of the information. State v. Magrath, 19 Mo.

678; State v. Findley, 77 Mo. 338; Underhill on Criminal Evidence (1898), p. 43. (3) The possession of a dramshop keeper's license, at the time in question, was a necessary part of the plaintiff's case. R. S. 1899, sec. 3011.

*W. N. Andrews,* for respondent, filed no brief.

BROADDUS, P. J.—This cause was begun on August 16, 1905, by the prosecuting attorney of the county filing in the office of the circuit clerk an information charging the defendant, in the first count, as a licensed dramshop keeper with having violated the statute in having kept open his place of business and sold or suffered to be sold intoxicating liquors on Sunday, the twelfth day of August, 1905. The prosecuting attorney dismissed as to the second count of the information and trial was had on said first count on the thirtieth day of April, 1906, which resulted in defendant's conviction and his punishment fixed at a fine of one hundred dollars, and his license forfeited, from which he appealed.

After the conclusion of the evidence the prosecuting attorney discovered that the date alleged in the information, August twelfth, 1905, was not a Sunday; he was allowed to amend the same by alleging that the offense was committed on the — day of August, 1905. No objection is made to the amendment of the information nor to the omission to insert therein any date on which the offense is alleged to have been committed.

The evidence tended to show that the offense was committed on a Sunday in August, 1905, but no particular Sunday was indicated. As there were two Sundays in the month of August, 1905, after the filing of the indictment on the twelfth of that month, defendant contends that the State did not show affirmatively that the offense had been committed within twelve months prior to that date. The contention of defendant in that respect must be sustained, as it devolved upon the State

to show that the offense had been committed prior to the beginning of the prosecution. The evidence did not show whether it had been committed before or after the filing of the information.

In order to show that defendant was a licensed dramshop keeper, the State, after serving notice upon defendant to produce a license, offered in evidence a petition in behalf of defendant asking for a license and a bond executed by him reciting that a license had been granted to him, both of which were executed and filed March 15, 1905, and also an order of the county court dated April 17, 1905, granting to defendant a license as a dramshop keeper. This evidence was objected to. The State in connection with said evidence also introduced a written notice served on the defendant to produce his license as a dramshop keeper, which was objected to on the ground that, "there is no competent evidence of service, and further object to its being read to the jury for the reason that it is not a question for the jury to pass on. It is a question for the court alone." The objection was overruled. The officer who served the notice testified that he served it by delivering to defendant a copy of the same, which we think was sufficient. There was no objection to its competency, or any statement made that defendant had produced the license and that it was in court subject to the call of the State. Perhaps it would have been better for the State to have asked for the license before it introduced its secondary evidence, but, as there was no objection to it, for that reason the error was waived.

Defendant contends that there was no showing that a license had been issued and delivered to defendant and cites in support of his theory the following decisions. [State v. Mulloy, 111 Mo. App. 679; State v. Reppetto, 66 Mo. App. 251; State v. Barnett, 110 Mo. App. 592.] We gather from these decisions that the order of the county court granting a dramshop license, while

conclusive evidence that the same was issued, is no evidence of its delivery to the dramshop keeper. In order to show there was such a delivery, ordinarily, the rules of evidence require the production of the license itself. But as the defendant cannot be compelled to produce the license, the court holds that a copy thereof may be introduced after laying a proper foundation for its introduction, by giving the defendant notice to produce the original on trial. The notice having been given, the copy introduced, in connection with the other facts and circumstances, especially that wherein defendant gave the usual bond required in such cases, wherein he recites that a license had been issued to him, we think there was a sufficient showing not only of the issuance but a delivery to defendant of the license in question. The governing principle is announced in State v. Lentz, 184 Mo. 223.

The information charges defendant with having violated section 3011, Revised Statutes 1899, for keeping open and selling intoxicating liquors or suffering the same to be done on his premises on Sunday. The evidence did not go to show that defendant himself sold the liquor, but that it was sold by a person behind the bar who was in his shirt-sleeves and wore an apron. The party who purchased the liquor entered the defendant's saloon through a hall and by a side door. We think these facts were sufficient to authorize the jury in finding that the defendant suffered his saloon to be kept open and intoxicating liquors to be sold as charged. Everything indicated that the person who sold the liquor was in the employ of the defendant, the presumption being that he did not permit unauthorized persons to open his place of business and sell liquors.

For the error noted the cause is reversed and remanded. All concur.