State v. Sherman.

———  ——  —  ——  ———

THE STATE OF MISSOURI, Respondent, v. R. SHERMAN, Appellant.

Kansas City Court of Appeals, May 17, 1909.

1. CRIMINAL LAW: Gaming Device: Dramshop-Keeper: Statutory Construction: Information. Under section 3018, Revised Statutes 1899, an information does not have to use the word "designed," but the words "adapted," "devised" and "used" are sufficient.

2. ———: ———: ———: ———: ———: Duplicity. An information is held to be duplicitous since it states two separate offenses in one count; but duplicity cannot be taken advantage of for the first time by a motion in arrest. The objection must come sooner.

3. ———: ———: Evidence: License: Notice. Secondary evidence of the license of a dramshop-keeper, can not be admitted without showing notice to the defendant to produce his license and his failure to do so. A notice served before the filing of the information is a nullity and furnishes no foundation for the admission of secondary evidence.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

REVERSED AND REMANDED.

*M. R. Lively* for appellant.

(1) The information on file in this case and under which the defendant was convicted is under section 3018, Revised Statutes 1899, leveled at dramshop keepers to prohibit gaming and gaming tables, etc. The language used in the information is so indefinite and uncertain, and the several charges of the different offenses being so repugnant to each other, it becomes ineffective as a charge of any offense under the law against the defendant, and is an attempt to charge several different offenses in one count, and is a misuse of the word "devised" instead of the word "designed." State v. Lawrence, 178 Mo. 350; State v. Echmann, 184 Mo. 193. (2) It devolves upon the State to prove by the best evidence the allegations of the information, and before secondary evidence can be offered the proper foundation must be laid for such secondary evidence. State v. Barnett, 110 Mo. App. 592; State v. Lentz, 184 Mo. 223.

*B. H. Coon,* for respondent, filed no briefs.

JOHNSON, J.—On information of the prosecuting attorney of Jasper county, defendant was arrested, tried and convicted on the charge of a violation of section 3018, Revised Statutes 1899. The first point for a reversal of the judgment advanced by defendant who brought the case here by appeal was made for the first time in the trial court in his motion in arrest of judg-

ment. The point is that the information "fails to charge the defendant with any offense against the laws of the State of Missouri." The information is as follows: "H. C. Compton, prosecuting attorney within and for the county of Jasper and State of Missouri, upon his official oath informs the court and charges that R. Sherman, whose given name is to this prosecuting attorney unknown, in the county of Jasper and State of Missouri, on or about the 4th day of December, 1907, being then and there a licensed dramshop-keeper according to law, and then and there keeping and operating a dramshop under a license as a dramshop-keeper on the east half of Lot No. 24, and the west half of Lot No. 25, South Carterville's Mining & Smelting Company's Second Addition to the city of Carterville in said county of Jasper and State of Missouri, did then and there unlawfully set up and keep and use and permit to be kept and used in and about the premises of his said dramshop by certain persons to this prosecuting attorney unknown, certain tables, gaming tables and cards adapted, devised and used for playing games of chance, and did then and there unlawfully permit certain persons, to this prosecuting attorney unknown, in and about his said dramshop to play upon said tables certain games of cards, and with cards adapted, devised and used for playing games of chance; against the peace and dignity of the State."

The objection to the information thus is stated by defendant in his brief: "The language used in the information is so indefinite and uncertain, and the several charges of the different offenses being so repugnant to each other, it becomes ineffective as a charge of any offense under the law against the defendant, and is an attempt to charge several different offenses in one count and is a misuse of the word 'devised' instead of the word 'designed.'" [Citing State v. Lawrence, 178 Mo. 350; State v. Etchman, 184 Mo. 193.]

The words "adapted, devised and used" employed in the information to describe the tables and cards set up and used in defendant's dramshop for playing games of chance were sufficient for the purpose for which they were employed.    The Supreme Court held in State v. Etchmann, supra, that the words "devised" and "designed" are not synonymous, and where both are employed in a criminal statute in the description of an offense as is the case in section 2194, Revised Statutes 1899, both must be used in the indictment, but that decision has no application here for the reason that the word "designed" is not used in section 3018 which provides that it shall be unlawful for any "dramshop-keeper to set up . . . any . . . tables 'cards' or any other device for playing any game of chance." The phraseology is essentially different from that employed in the statute considered in the Etchmann case.

The information accurately defines two offenses against the statute and for that reason is duplicitous, since it fails to state them in separate counts.   The statute makes it an offense for a dramshop-keeper to set up and keep in his dramshop the devices described for gaming or playing games of chance, and also makes it a separate offense for him to permit such devices to be used in gaming or in playing games of chance.   Being kindred, congruous and punishable by the same penalty, the two offenses may be joined in one information but should be stated in different counts. [State v. Nitch, 79 Mo. App. 99.]   But defendant did not challenge the information on the ground of duplicity until he filed his motions for new trial and in arrest.   "Duplicity in an indictment or infirmation is the joinder of two or more distinct offenses in one count."   [1 Bish., Crim. Proc. (3 Ed.), section 432.]   It cannot be taken advantage of for the first time in arrest, but to avail defendant anything, must be made the subject of a motion to quash, a demurrer, or a motion to compel the State to elect. [State v. Fox, 148 Mo. 517.]

State v. Sherman.

We find the information before us is sufficient to support the judgment.

But the judgment must be reversed and the cause remanded because of prejudicial error committed by the court in the admission of secondary evidence offered by the State to prove that defendant was a licensed dram-shop-keeper. The license was the best evidence of that fact and should have been produced or its non-production accounted for. Notice should have been served on defendant to produce his license in order to lay a foundation for the introduction of secondary evidence. [State v. Barnett, 110 Mo. App. 592.] The information was filed December 5, 1907, and the cause was tried December 13, 1907. Over the objection of defendant, the court permitted the State to introduce in evidence a notice served on defendant to produce his license. The return of the officer shows that this notice was served on defendant November 10, 1907, almost a month before the information was filed. Thinking that the date stated in the return was a mistake, the court suggested that the return be amended to correct the error, but this was not done, and we must assume that the return correctly gave the date of service. It goes without saying that a notice to produce documentary evidence at the trial of a case served on the defendant before the institution of the suit has no foundation on which to stand and must be treated as a nullity. Since the notice in question was ineffective for any purpose, it follows that no foundation was laid for the secondary evidence admitted by the court.

The judgment is reversed and the cause remanded. All concur.