STATE OF MISSOURI, Respondent, v. G. W. HALL
and L. P. McINTYRE, Appellants.

St. Louis Court of Appeals, June 6, 1911.

1. DRAMSHOPS: Selling to Minor: Necessity of Proving Defendant was Licentiate.   In a prosecution of a dramshop keeper for selling intoxicating liquors to a minor, in violation of section 7213, Revised Statutes 1909, it is essential to the maintenance of the prosecution that the state prove defendant was a licensed dramshop keeper.

2. ———: ———: ———: Evidence: Record of County Court. In a prosecution of a licensed dramshop keeper for selling intoxicating liquors to a minor, the record of the county court granting the license to defendant is primary evidence that a license was authorized to be issued but not that it was issued.

3. ———: ———: ———: ———: ———: Secondary Evidence. In a prosecution of a licensed dramshop keeper for selling intoxicating liquors to a minor, the license issued to defendant is the best evidence of such issuance, and the record or memorandum kept by the county clerk showing such. issuance and testimony of witnesses tending to prove that fact is secondary evidence, and hence, before any of such evidence is admissible, it is necessary to lay a foundation for its introduction, by showing that defendant had been notified to produce the license and had failed to do so.

Appeal from Audrain Circuit Court.—*Hon. J. D. Bar-nett*, Judge.

REVERSED AND REMANDED.

*Robertson & Robertson* and *Fry & Rodgers* for appellants.

There was no notice served on defendants to produce a dramshop license and it was a reversible error for the court to admit the evidence of the county clerk and county collector as to their records, the same being secondary evidence. State v. Mulloy, 111 Mo. App. 696; State v. Barnett, 110 Mo. App. 592; State v. Sherman, 137 Mo. App. 74.

*E. S. Gantt* for respondent.

The order of the county court is original evidence that the license was granted, that the defendants are to be the owners of said dramshop and that the bond of defendants was examined and approved by the court. State v. Barnett, 110 Mo. App. 594.

STATEMENT.—Defendants were prosecuted for selling intoxicating liquors to a minor in violation of what is now section 7213 of the Revised Statutes of 1909, a trial resulting in their conviction and the imposition of a fine of fifty dollars and sentence accordingly. They appeal to this court and assign as error the action of the trial court in admitting secondary evidence of defendant's license without having notified them to produce the license itself. No notice was served on defendants to produce their dramshop license at the trial, and the license was not produced nor offered in evidence, but after reading in evidence an order of the county court which granted a license to the defendants and ordered the clerk to issue it, the state was permitted, over the objection of the defendants, to prove the issuance of the license by a record or memorandum of licenses kept by the clerk of the county court, and by the testimony of the deputy

clerk of the county court and the county collector; such testimony being to the effect that a license was issued pursuant to the order of the county court and delivered to the defendants and paid for by them. There was also testimony tending to prove that the defendants conducted a saloon during the period for which the license was ordered to be issued.

CAULFIELD, J. (after stating the facts).—It was essential to the maintenance of the prosecution, as framed, that the state prove the defendants were licensed dramshop keepers. [Bachman v. Brown, 57 Mo. App. 68; State v. Reppetto, 66 Mo. App. 251.] The record of the county court granting the license to the defendants was primary evidence that the license was granted, that is, authorized to be issued, but not that it was issued. [State v Barnett, 110 Mo. App. 592, 85 S. W. 613.] The license was the best evidence of such issuance. [State v. Sherman, 137 Mo. App. 70, 119 S. W. 479.] The record or memorandum kept by the county clerk showing such issuance was but secondary evidence. [State v. Mulloy, 111 Mo. App. 679, 86 S. W. 569; State v. Reppetto, 66 Mo. App. 251; State v. Barnett, 110 Mo. App. 592, 85 S. W. 613.] And the testimony of witnesses, so far as it tended to prove that fact, was in the same class. [State v. Barnett, supra.] Before any of this secondary evidence was admissible, it was necessary to lay a foundation for its introduction by showing that the defendants had been notified to produce the license and had failed to do so. Its admission without such foundation being laid was reversible error. [State v. Kurtz, 64 Mo. App. 123; State v. Reppetto, supra; State v. Barnett, supra; State v. Mulloy, supra; State v. Sherman, supra.]

Under the decisions the judgment must be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.