## COMMONWEALTH vs. THOMAS A. CONANT.

A complaint for an unlawful sale of "intoxicating liquor" need not more particularly describe the kind or quantity of liquor sold.

A complaint, which charges the defendant with selling intoxicating liquor, "not having then and there any authority or appointment according to law to make such sale," sufficiently negatives all modes of selling warranted by law.

COMPLAINT on *St.* 1852, *c.* 322, § 7, averring that the defendant, on the 31st of August 1854 at Northbridge, " unlawfully did sell to one George A. McKinistrey intoxicating liquor, he the said Thomas A. Conant not having then and there any authority or appointment according to law to make such sale."

The defendant, after conviction in the court of common pleas, moved in arrest of judgment, because the complaint did not sufficiently describe the liquor alleged to have been sold; and because it did not show that the intoxicating liquor alleged to have been sold was not cider sold for other purposes than as a beverage, or the fruit of the vine for the commemoration of the' Lord's Supper. *Morris,* J. overruled this motion, and the defendant alleged exceptions.

*W. A. Williams,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

DEWEY, J. 1. It is contended, in support of the motion in arrest of judgment, that the complaint does not set forth the offence intended to be charged with sufficient particularity; because the kind of liquor should be distinctly stated, that is, that it must be alleged whether it be brandy, rum, wine, or some distinct species of intoxicating liquor. As to this, it is quite obvious that if necessary to be charged, it would be necessary to be proved, to be made of any practical utility to the defendant. This would undoubtedly increase the chances of escape from conviction in these days of adulterated and mixed liquors, but might not tend to suppress illegal sales of intoxicating drinks. To avoid this difficulty, the legislature have made the offence one of a more general character, that of selling, without authority, any intoxicating liquors. The offence created by the

statute is sufficiently described in an indictment or complaint, by alleging that the article thus sold is "intoxicating liquor;" and the grand jury are not called upon to pass upon the question whether it was a pure and genuine article, of the name which the vendor attached to it, or a more or less adulterated article. If the article sold answers to the description "intoxicating liquor," it is the article the sale of which is prohibited; and an indictment, thus describing it, is a good indictment, and sufficiently particular. The question was, we believe, so settled in *Commonwealth* v. *Odlin*, 23 Pick. 279.

The further objection is taken that there is no specific quantity of liquor alleged to be sold in this complaint. That is certainly the more usual, and, as it seems to us, the more apt and formal mode of charging this offence. But dealing with it as a pure legal question of the sufficiency of this complaint, we cannot say that the omission to state the quantity vitiates the complaint. The peculiar character of this offence, as created by the statute, is not to be overlooked. It is not, in any degree, affected by the quantity sold. The extreme penalty of the law falls alike on the seller of a gill, and on the seller of a hogshead of intoxicating liquors. The offence is that of selling any intoxicating liquor. If the party on trial is shown to have been a seller, in a single instance, of any quantity, he is subject to the penalty of the law. This being so, we think the complaint is not invalid by reason of the omission to specify the quantity sold.

As to the objection, in reference to both the points we have been considering, that every indictment ought to be sufficiently specific to enable the defendant to avail himself of the judgment thereon in bar of a second prosecution for the same offence, it proves quite too much; as the same objection would lie to the long established and sanctioned forms of describing this offence. The objection would equally exist in the case of an indictment alleging a sale of a specified quantity of liquor; as the proof need not correspond with the allegation as to quantity, and the conviction might be had upon a sale of a larger or smaller quantity than that alleged. So also in reference to the

time of the sale, the day alleged is immaterial in the case of a single sale, and need not correspond with the actual time of the sale. Indeed it seems often necessary in criminal as well as civil cases to resort to parol evidence, to show the real case that was the subject of a former trial, where such fact becomes material in defence.

The same is true in reference to the objection, that the party indicted is not sufficiently notified of the precise offence with which he is charged, to enable him to prepare his defence. The generality of the charges, as found in many approved forms of indictments, is equally obnoxious to this objection; but this furnishes no legal objection to the indictment. In such cases, where this general form of stating the offence is allowed, the rights of the party may be protected by the exercise of the power of the court to order the public prosecutor to furnish a specification of the particular charge which he relies upon, when it is deemed necessary to protect the rights of the accused.

2. The other objection taken, that the complaint does not negative the exceptions in the statute, has been repeatedly overruled. It is now well settled, that under the liquor law of 1852, as well as under that of 1855, an averment, which negatives any " authority or appointment," sufficiently negatives all modes of selling warranted by law. *Commonwealth* v. *Wilson,* 11 Cush. 412. *Commonwealth* v. *Lafontaine,* 3 Gray, 479. *Commonwealth* v. *Mc Sherry,* 3 Gray, 481, *note.* *Commonwealth* v. *Clapp* 5 Gray, 97.                                   *Exceptions overruled.*