## COMMONWEALTH *vs.* THOMAS RYAN.

An indictment on *St.* 1855, *c.* 215, § 15, for an unlawful sale of "intoxicating liquor" need not more particularly describe the kind of liquor sold. .

On the trial of an indictment on *St.* 1855, *c.* 215, for unlawfully selling intoxicating liquors, the burden of proving any license, appointment or right to sell, is upon the defendant, by virtue of *St.* 1844, *c.* 102.

INDICTMENT on *St.* 1855, *c.* 215, § 15, averring that the defendant, on the 1st of July 1856 at Lowell, "without then and there having any license, appointment or authority therefor first duly had and obtained according to law, did then and there sell to a certain person whose name is Walter P. Bean a certain quantity of intoxicating liquor, to wit, one gill of intoxicating liquor." After trial ir the court of common pleas, *Aiken,* J. signed this bill of exceptions :

" Before the trial the defendant moved the court that the prosecuting attorney should either furnish a more particular description of the offence intended to be relied upon; or that the indictment be quashed, for reasons set forth in the motion in arrest of judgment afterwards filed. But the court refused both motions.

" The government introduced evidence tending to show a sale of intoxicating liquor to said Bean, but produced no evidence of any want of license or appointment to make said sale or any

want of any authority so to do whatever. The defendant ob-jected that this evidence would not support a conviction. But the court ruled that no evidence of a want of authority or of a want of license or appointment to make such sale was necessary in order to a conviction in this case.

" The defendant, being convicted, moved in arrest of judgment, that the offence was not set out fully and plainly, substantially and formally, but the description thereof was too vague and uncertain. But the court overruled the motion. To these several rulings the defendant excepts."

*B. F. Butler*, for the defendant. 1. The indictment contains no sufficient description of the intoxicating liquors alleged to have been sold. *St.* 1855, *c.* 215, § 1.

2. The allegation that the defendant made the sale " without having any license, appointment or authority therefor," excludes not only any express authority, but any mode not prohibited by the statute, such as by importers, druggists, &c. though not expressed in writing. *Commonwealth* v. *Lafontaine*, 3 Gray, 479 The Commonwealth was bound to produce some evidence of a want of authority. *Commonwealth* v. *Thurlow*, 24 Pick. 381. The *St.* of 1844, *c.* 102, imposes upon the defendant the burden of proof only " if he relies on a license in his defence," which is a matter necessarily within his own knowledge. But neither that statute, nor the reason of the thing, obliges him to prove an authority not depending upon any record or writing.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BY THE COURT. 1. The refusal to quash the indictment or to order a bill of particulars was within the discretion of the presiding judge, and not a subject of exception. *Commonwealth* v. *Hawkins*, 3 Gray, 464. *Commonwealth* v. *Wood*, 4 Gray, 13. The general description of the liquors sold was no ground for arresting judgment. *Commonwealth* v. *Conant*, 6 Gray, 482.

2. The *St.* of 1855, *c.* 215, § 1, declares it to be unlawful and criminal for any person to sell any spirituous or intoxicating liquor, unless he is duly authorized so to do as thereinafter provided. This is equivalent to a provision prohibiting all sales unless authorized as provided by that act. And it is well settled

as the practical construction of this and similar statutes, that since the *St.* of 1844, *c.* 102, the burden of proving such authority is upon the defendant. *Commonwealth* v. *Kelly*, 10 Cush. 69. *Commonwealth* v. *Tuttle*, 12 Cush. 502. *Commonwealth* v. *Lahy*, 8 Gray, 460. If this were a new question, it might be worthy of more consideration.[*]

*Exceptions overruled.*

---

[*] A similar decision was made in Bristol, October term 1857, in the case of COMMONWEALTH *vs.* WILLIAM BARRETT, which was an indictment on *St.* 1855, *c.* 215, § 17, for being a commmon seller of intoxicating liquors.

*C. I. Reed*, for the defendant, cited *Commonwealth* v. *Thurlow*, 24 Pick. 374 *Rex* v. *Rogers*, 2 Campb. 654 ; Rosc. Crim. Ev. (2d ed.) 71, 72 ; 2 Russell ox Crimes (7th Amer. ed.) 769, 770.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.