State v. Melton.

---

STATE OF MISSOURI, Appellant, v. JOSEPH MELTON, Respondent.

*Criminal Practice — Indictment — Adulteration of Liquors.*—In an indictment under the act to prevent the adulteration of liquors, (Acts 1860–1, p. 93, § 4,) it is sufficient if the defendant be charged with selling spirituous liquors, without having taken and subscribed the oath and giving bond, as prescribed by the statute. It is unnecessary to state the kind of liquor sold, or the quantity, or the person to whom sold—State v. Crowley, 37 Mo. 369; State v. Hays et al., *ante* 867.

*Appeal from Barry Circuit Court.*

Melton was indicted under the fourth section of the "Act to prevent the adulteration of spirituous liquors," approved March 28, 1861 — Laws 1860–1, p. 92. The indictment charged that he, at the county of Barry, did unlawfully offer to sell, and did sell, spirituous and alcoholic liquors, without first appearing before the county court clerk of said Barry county, and taking and subscribing an oath not to mix or adulterate with any substance whatever the liquor offered for sale and sold, and giving bond as required by said section four. After verdict, a motion in arrest was sustained.

Attorney General, for appellant.

The indictment is sufficient; the person to whom the

liquor was sold or offered to be sold, the price for which it was sold, or that it was sold to a person to the jurors unknown, or the specific kind of liquor sold, is not material, and need not be specifically charged—15 Mo. 430, and authorities cited ; 24 Mo. 363, and authorities cited ; 24 Mo, 532 ; 17 Ills. 158, and authorities cited. The case of Neales v. State, 10 Mo. 498, cited by defendant in error, has been reversed.

Under the fourth section, the act of selling, or offering to sell the liquor, was illegal, without the defendant had, prior thereto, taken the oath and given bond, as by said section he was required to do ; and that he had done so is expressly negatived by the indictment. The verdict was substantially sufficient.

*Hendrick & Bray* and *T. A. Sherwood*, for respondent.

The judgment was properly arrested. The indictment is bad ; it does not state the kind of liquor sold, to whom sold, or that such person is unknown—Neales v. State, 10 Mo. 498 ; State v. Hays, 36 Mo. 80, and cases cited.

HOLMES, Judge, delivered the opinion of the court.

This was an indictment under the act to prevent the adulteration of spirituous liquors—Laws 1860–1, p. 93, § 4. The defendant's motion to quash the indictment was overruled. There was a verdict of guilty, and the defendant filed his motion in arrest of judgment for nearly the same reasons, viz., that the indictment did not charge the liquor to have been sold to any person by name, nor to any person to the jurors unknown; that it did not specify the particular kind of liquor sold ; that it was contradictory and repugnant on its face ; that the court erred in overruling the motion to quash. In these respects, the case does not differ much from the case of the State v. Hays et al., decided at this term, to which reference is made.

It is not necessary that the indictment should follow the exact words of the act. The essential facts are the selling of

spirituous liquors, without having given the bond and taken the oath required by that act. These things, together with all other necessary facts, are averred here. That the naming of the person or persons to whom sold, the price, or the particular kind of spirituous or alcoholic liquor, is unnecessary, even in an indictment for selling in a less quantity than one quart or one gallon, and much less in a case under this statute; reference may be had to the cases of State v. Fanning and State v. Decus, decided at this term. We think this indictment was in all respects good and sufficient, and that there was no error in arresting the judgment.

Judgment reversed and cause remanded. Judge Wagner concurs; Judge Lovelace absent.

