State v. Rogers.

———◦◦◦———

STATE OF MISSOURI, Appellant, v. BURT ROGERS, Respondent.

*Criminal Practice—Indictment— Dram-shop. —* In an indictment for selling spirituous and alcoholic liquors without taking the oath and giving bond as required by the statute (Sess. Acts 1860-1, p. 93), it is not necessary that the indictment should state to whom the liquor was sold, the price, or the particular kind of liquor sold.

*Appeal from Barry Circuit Court.*

Attorney General, for appellant.

HOLMES, Judge, delivered the opinion of the court.

The defendant was indicted, tried and convicted of unlawfully selling spirituous and alcoholic liquors within this State without first having taken the oath and given the bond required by the statute—Laws of 1860-1, p. 93, § 4. The defendant filed a motion in arrest of judgment for the reasons that the indictment did not specify the kind of liquor sold, nor the price, nor the person to whom sold, and that the verdict did not specify the offence of which the defendant was found guilty, and that the indictment was bad for duplicity. The motion was sustained, and the circuit attorney brings the case up by writ of error.

There was no sufficient ground here for arresting the judgment. It was not necessary that the person to whom sold, the price, or the particular kind of liquor sold, should be named or specified—State v. Melton, 38 Mo. 368 ; State

| | |
|---|---|
| 39 | 431 |
| 36a | 273 |
| 38a | 507 |
| 39 | 431 |
| 102 | 367 |
| 39 | 431 |
| 52a | 509 |
| 39 | 431 |
| 114 | 106 |
| 115 | 439 |

v. Fanning, 38 Mo. 359; State v. Ladd, 15 Mo. 432; State v. Miller, 24 Mo. 532.

If the evidence sustained the charge contained in the indictment, a general verdict of guilty was enough—Frasier v. State, 5 Mo. 536. There was only one count, and one offence only was charged in the indictment. The indictment charged the selling of spirituous and alcoholic liquors, and the charge would be sustained by proof of the selling of either or both. It was not bad for duplicity.

Judgment reversed and the cause remanded. The other judges concur.