————o————

STATE OF MISSOURI, Appellant, vs. CHARLES ROEHM, Respondent.

1. *Criminal law—Selling liquor on Sunday—Description of offense.*—An indictment charging that defendant "did on the 9th day of June, 1872, unlawfully sell *fermented and distilled liquors*, on the first day of the week, commonly called Sunday, contrary to," etc., followed the language of the statute in describing the offense, and that was sufficient.

*Appeal from Phelps Circuit Court.*

*J. A. Hockaday, Att'y Gen'l,* for Appellant.

The indictment pursues the language of the statute in every particular, and is good. (Wagn. Stat., 1090, § 27 ; *Id.* 504, § 35 ; State vs. Stubblefield, 32 Mo., 563.)

The offense committed was indictable under the law, as it existed at the time the same was preferred. Wagn. Stat., 516, § 30, was re-enacted February 21, 1871. (*Vide* Acts 1871, p. 34.)

The offense, as appears from the indictment, was committed June 9th, 1872. The case of State vs. Huffschmidt, (47 Mo., 73) therefore has no application.

*Southgate & Seay*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The indictment alleged that the defendant did on the 9th day of June, 1872, unlawfully sell fermented and distilled liquors on the first day of the week, commonly called Sunday, contrary, etc.

To this indictment the defendant demurred, on the ground that no offense was charged known to the law, and that the violation of the statute was not set forth with the certainty that the law required. This demurrer was sustained by the court.

The statute declares that every person who shall expose for sale any goods, wares, or merchandise, or shall keep open any ale or porter house, grocery or tippling shop, or shall sell or retail any fermented or distilled liquor on the first day of the week, commonly called Sunday, shall on conviction be adjudged guilty of a misdemeanor, and fined not exceeding fifty dollars. (Wagn. Stat., 504, § 35.)

The indictment followed the language of the statute in describing the offense and that was sufficient. The court therefore erred in sustaining the demurrer, and its judgment will be reversed and the cause remanded; the other judges concur.