STATE OF MISSOURI, Appellant, v. W. R. SILLS, Respondent.

**St. Louis Court of Appeals, February 13, 1894.**

**Criminal Law:** INDICTMENT FOR SALE OF LIQUOR BY DRAMSHOP KEEPER. An indictment for the sale of intoxicating liquors by a dramshop keeper without license must, under the present rulings, distinctly state the quantity of the liquor charged to have been sold. A charge that the defendant has sold less than three gallons (though this is what the statute prohibits) is not a sufficient specification of the quantity.

*Appeal from the Shannon Circuit Court.*—HON W. N. EVANS, Judge.

AFFIRMED.

No brief filed by appellant or respondent.

ROMBAUER, P. J.—This appeal is prosecuted by the state from a judgment of the trial court, quashing, on demurrer, an indictment preferred by the grand jury against the defendant. Neither party has filed any brief in this court.

The information quashed, which was filed in September, 1891, states that the defendant, on a day named, in the county of Shannon, and state of Missouri, "did unlawfully sell intoxicating liquors in less quantity than three gallons, without then and there having a license as a dramshop keeper, or any legal authority to sell the same, against the peace and dignity of the state." The objection made to it by the demurrer is, that it fails to state in what quantity the liquor was sold, and fails to state any offense against the laws of the state.

The dramshop law, as amended in April, 1891,

prohibits the sale of intoxicating liquors in less quantity than *three* gallons, by any person without license as a dramshop keeper. This indictment charged the defendant with the sale of intoxicating liquors in less quantity than three gallons, but does not set out the exact quantity or kind of the liquor sold. An indictment in precisely the same words as this, except that the words used were less than *one* gallon (that being then the limit) was held insufficient in *State v. Cox*, 29 Mo. 475. In *State v. Fanning*, 38 Mo. 409, it was held that the exact quantity is immaterial, provided it be a less quantity than one gallon, but that this fact should be distinctly averred, *as well as the quantity sold.* It has been the practice since these decisions to aver the quantity sold under a *videlicet*, although it has never been held either in this state or anywhere else, that proof of the sale of the exact quantity thus alleged was material. The case of *State v. Cox, supra*, has never been overruled. Judge NAPTON in alluding to it in *Edwards v. Brown*, 67 Mo. 377, says: "It is not clear, from the reported opinion in that case, what was the precise defect in the indictment." We may add that it is not clear to us either. It is clear, however, that that case cannot be distinguished from the one at bar, and hence that upon its authority the judgment herein must be affirmed. So ordered. All the judges concur.