# STATE OF MISSOURI, Respondent, v. LOUIS BLANDS, Appellant.

### St. Louis Court of Appeals, April 14, 1903.

1. **Intoxicating Liquor: AFFIDAVIT: MADE ON KNOWLEDGE OF ANY CITIZEN, SUFFICIENT.** In a proceeding before a justice of the peace, brought by the prosecuting attorney, on affidavit in which it was stated that defendant did willfully and unlawfully sell intoxicating liquors in a less quantity than three gallons, to-wit, one pint or gill, upon which affidavit an information was filed by the prosecuting attorney. *Held,* that an information filed before a justice of the peace by a prosecuting attorney, is not required to be made upon the personal knowledge, nor to be verified by the oath of such officer, but may be exhibited upon the verified complaint, in writing, of any citizen having personal knowledge of the commission of the offense charged.

2. ———: **SALE OF: AFFIDAVIT SUFFICIENT.** The affidavit charged the sale of intoxicating liquor. *Held,* that was sufficient, as the kind of liquor was not required to be stated.

State v. Blands.

3. ———: AGREED STATEMENT OF FACTS, SUFFICIENT JUDI-CIAL NOTICE. An agreed statement of facts recited that defendant sold a glass of whiskey at the price of ten cents, and the affidavit and information both charged that the quantity sold was less than three gallons. *Held*, that it is common knowledge that the quantity of whiskey sold for the price of ten cents, in a household drinking vessel, must be less than three gallons, and the court will take judicial notice of such fact.

4. ———: COMMITTED ON STEAMBOAT: FEDERAL AND STATE LAWS. The fact that the offense was committed upon a steamboat at the wharf at Tyler, in Pemiscot county, notwithstanding that the defendant's employers had complied with the Federal and State laws governing the liquor traffic, would not legalize or condone the offense.

Appeal from Pemiscot Circuit Court.—*Hon. H. C. Riley,* Judge.

AFFIRMED.

### STATEMENT.

This proceeding was begun before a justice of the peace in Pemiscot county, upon the following affidavit:

"State of Missouri, county of Pemiscot, ss.—Before me, H. P. Little, a justice of the peace for said county, personally came J. I. Barnett, who being duly sworn according to law, deposeth and sayeth, that on or about the 16th day of June, 1901, in the county aforesaid, one Louis Blands did then and there willfully and unlawfully sell intoxicating liquor in less quantity than three gallons, to-wit, one pint or gill without taking out or having a license as a dramshop keeper, at Tyler, Missouri, on the 16th day of June, 1901, and this deponent says or verily believes that one Louis Blands is guilty of the fact charged, and further this deponent saith not.

"J. I. BARNETT.

"Sworn and subscribed before me this 19th day of June, 1901.

"H. P. LITTLE,
"Justice of the Peace."

A warrant was issued thereon, defendant arrested and July 1st, the prosecuting attorney filed with the justice an information in the form following:

"Now at this day comes defendant, in person, as well as by his attorneys, and also comes the State of Missouri, by L. L. Collins, the prosecuting attorney of Pemiscot county, who prosecutes the pleas of the State of Missouri in this behalf, and this case is taken up and submitted to the court, sitting as a jury, upon the following agreed statement of facts, to-wit:

" 'That the defendant is employed by a firm, or co-partnership, residing in Memphis, in the State of Tennessee, as a bartender in a dramshop, or place where intoxicating liquors are sold, situate and operated on board of the steamboat Ferd Herold; that said Ferd Herold is a steamer engaged as a common carrier in interstate commerce, and plying the Mississippi river between Memphis, in the State of Tennessee, which city is her home port, and Cairo in State of Illinois; that during all of the times herein mentioned said Louis Blands was such hired bartender in said place of sale on said Ferd Herold so plying said Mississippi river, engaged in interstate commerce as aforesaid; that the co-partnership by whom defendant is employed, residing in Memphis, Tennessee, as aforesaid, is the owner of the bar privilege upon the Lee Line Steamers, of which said Ferd Herold is one; that said firm for which defendant works, and by whom he is employed, has duly complied with all laws relative to the sale of intoxicating liquors on said steamboat Ferd Herold and is duly licensed by the United States, the county of Shelby, the city of Memphis, and the State of Tennessee, to sell the same in the home port of said steamboat, and has taken out and at the time of the sales charged in the information herein, held license, for such sales of intoxicating liquors in her home port from said steamer, from the United States, the city of Memphis, the county of Shelby and the State of Tennessee.

" 'That defendant sold in his capacity as aforesaid, from a bar erected on said steamboat Ferd Herold, while said steamboat was lying at the wharf at Tyler, in Pemiscot county, Missouri, engaged in discharging freight and in making her regular trips up the Mississippi river from Memphis, Tennessee, to Cairo, Illinois, *a glass of whiskey*, and received therefor in payment the sum of ten cents.

" 'That defendant, nor the co-partnership for whom he acted, had not, prior to such sale, taken out a license to sell liquor in the county of Pemiscot, nor in the State of Missouri, nor did defendant or his employers have any such license at said time; that said steamboat was not lying at the said wharf at Tyler, Missouri, for the purpose of permitting said sale as made, but for the sole purpose of taking on and discharging freight as an incident of the traffic in which she was engaged. That said act and said sale took place within one year next before the filing of the information herein.' "

Defendants' motion for a new trial and in arrest being overruled, he has prosecuted this appeal.

*Faris & Oliver* for appellant.

(1) The information was not verified, and the complaint filed with the justice of the peace stated no offense known to the law. State v. Sartin, 66 Mo. App. 626; State v. White, 55 Mo. App. 356. (2) The sale was made from a bar situated on a steamboat engaged in interstate commerce and plying the waters of the Mississippi river, which is a navigable stream. The owners of the bar had complied with all of the laws relative to the sale of intoxicating liquors upon the steamboats at her home port of Memphis, of Tennessee. State v. Dennie, 57 La. Ann. 608; Welsh v. State, 9 L. R. A. 664.

*L. L. Collins* and *James R. Brewer* for respondent.

(1)   It is not necessary that an information filed by the prosecuting attorney be sworn to.  R. S. 1899, sec. 2749; State v. Ransberger, 42 Mo. App. 466; State v. Ransberger, 106 Mo. 135; State v. McCarver, 47 Mo. App. 650; State v. Maupin, 71 Mo. App. 54.  (2)   The affidavit upon which the warrant was issued for the arrest of the defendant does charge an offense, because it charges that the defendant sold in Pemiscot county, Missouri, intoxicating liquor in less quantity than three gallons, to-wit, one pint or one gill, and that the defendant did not then and there have a license as a dramshop-keeper or any other legal authority to sell the same. R. S. 1899, sec. 2991.  (3)   It is not necessary in the affidavit for a warrant to state the kind of liquor; all that is necessary is to state "that it is intoxicating liquor."  Kelley's Criminal Law, page 749, sec. 1074; Bishop Stat. Cr., sec. 1038.  (4)   The ordinary meaning of "a glass of whiskey" bought at a bar, is a drink of whiskey.  The information in this case charges that a "glass of whiskey" is a less quantity than three gallons.  Then the admission in the agreed statement of facts that the defendant did sell "a glass of whiskey" is an admission that the same was less than three gallons.  (5)   The agreed state of facts show that, the whiskey was sold in Pemiscot county, Missouri, while the steamer Ferd Herold was lying at the wharf at Tyler, Pemiscot county, Missouri.  The court had jurisdiction of the offense if committed on the Mississippi river.  Constitution of Missouri, art. 1, sec. 1; State v. Metcalf, 65 Mo. App. 681.  (6)   Before the defendant could lawfully make sales of intoxicating liquor in less quantities than three gallons, he was required to take out and have a license as a dramshop-keeper.  R. S. 1899, sec. 2991.

REYBURN, J.—The objections presented by appellant are, that the information was not verified, the affidavit of the complaining witness lodged with the justice stated no offense, and no offense known to the law was established by the agreed facts. An informatiion filed before a justice of the peace by a prosecuting attorney is not required to be made upon the personal knowledge nor verified by the oath of such officer, but may be exhibited upon the verified complaint in writing of any citizen having personal knowledge of the perpetration of the offense charged. State v. Ransberger, 106 Mo. 135; State v. Ransberger, 42 Mo. App. 466; State v. McCarver, 47 Mo. App. 650; State v. Maupin, 71 Mo. App. 41; State v. Hocker, 68 Mo. App. 415.

The affidavit charging the sale of intoxicating liquor was sufficient; the kind of liquor was not required to be stated. Kelley's Criminal Law, sec. 1074; State v. Melton, 38 Mo. 368.

There is no force in the contention that the agreed statement of facts does not sufficiently prove that the quantity of intoxicating liquors sold was less than three gallons in quantity. The affidavit and information alike charge the quantity as less than three gallons, and the recital in the agreed facts is that defendant sold a glass of whiskey at a price of ten cents. It is a matter of common knowledge that the quantity of whiskey sold for such price contained in such well-known drinking vessel and household utensil must be less than three gallons, and a court must take judicial notice of such fact. The commission of the offense was completely established and the fact that it was perpetrated upon a steamboat at the wharf at Tyler, Pemiscot county, does not legalize or condone the offense, nor is it affected by the compliance by the defendant's employers with the Federal and State laws governing the liquor traffic at the home port in a State other than Missouri. Judgment affirmed. *Bland, P. J.,* and *Goode, J.,* concur.