State v. Gibbs.

---

THE STATE OF MISSOURI, Appellant, v. T. J. GIBBS, Respondent.

Kansas City Court of Appeals, March 2, 1908.

CRIMINAL LAW: Selling Liquor: Indictment: Following Statute. An indictment charging that the defendant did then and there unlawfully sell intoxicating liquors in less quantities than three gallons without having a license, etc., is insufficient under section 2991, Revised Statutes 1899. [Following State v. Cox, 29 Mo. 475.]

Appeal from Morgan Circuit Court.—*Hon. William H. Martin,* Judge.

AFFIRMED.

W. T. S. Agee, Prosecuting Attorney, for appellant.

An indictment or information which follows the language of the statute in describing the offense is sufficient. State v. Edgen, 181 Mo. 582; State v. Villines, 107 App. 593; State v. Kentner, 178 Mo. 493, and cases cited; State v. Wilkerson, 170 Mo. 184; State v. Adams, 108 Mo. 208; State v. Johnson, 83 Mo. 317; State v. Davis, 70 Mo. 467; State v. Dewitt, 152 Mo. 76; R. S. 1899, sec. 2991; Kelley's Criminal Law & Practice, sec. 187.

H. E. Neville, for respondent, filed no briefs.

JOHNSON, J.—Defendant was indicted for the alleged violation of section 2991, Revised Statutes 1899, and demurred to the indictment. The demurrer was sustained, the indictment quashed and the State appealed. The offense charged is that "Dr. T. J. Gibbs, late of the county aforesaid, on the ——— day of June, 1906, at the county of Morgan, State aforesaid, did then and there unlawfully sell intoxicating liquors in less quantity than three gallons without taking out or having a license as a dramshop keeper or any other legal authority to sell the same, against the peace and dignity of the State." The ground of the demurrer is that "said indictment does not state in what quantity the liquor was sold, and fails to state any offense against the laws of the State of Missouri."

It is argued by counsel for the State that the indictment should be held sufficient for the reason that the offense is charged in the very language of the statute. In State v. Cox, 29 Mo. 475, Judge Scott, in dealing with a case which cannot be distinguished in any particular from the one in hand, held the indictment insufficient. He held that "the rule that in describing an

offence it is sufficient to use the words of the statute creating it is greatly misapplied and perverted when called in support of the indictment in the record before us. No one ever supposed that it meant to sanction an indictment charging one generally with the offense specified in the statute, without containing any particular act showing that the general provision has been violated. The rule means that the act, charged in the indictment as violating the general law, must be described by the words of the statute; as if the law forbade one to strike another, it would not do to charge in an indictment under it, that A did beat C," etc. This case was followed by the St. Louis Court of Appeals in State v. Sills, 56 Mo. App. 408, and by this court in State v. Ryan, 30 Mo. App. 159. We are not advised that it has been overruled or criticised in any later decision of the Supreme Court. If this were a new question, the writer would be constrained to hold the objection to the indictment too frivolous for serious consideration, but being bound to follow the Supreme Court, we cannot do otherwise than to affirm the judgment. It is so ordered. All concur. *Ellison, J.,* in the result.