## THE STATE OF MISSOURI, Respondent, v. CASSANDER STEWART, Appellant.*

St. Louis Court of Appeals. Opinion filed April 14, 1925.

1. **JUDGES: Change of Venue: Election of Special Judge: Statute: Inoperative Where Prosecuting Attorney Refuses to Agree to Election.** Where, after defendant's application for a change of venue had been filed and presented to the court, the prosecuting attorney refused to consent or agree with the defendant to the election of a special judge, under section 3992, Revised Statutes 1919, *held* that such section on the facts in this case became inoperative.

2. ————: ————: ————: **Special Judge Refusing to Serve When Elected: Statutes: Construction.** Section 3994, Revised Statutes 1919, construed with sections 3992 and 3993 with respect to a special judge refusing to serve when elected, refers to election of an attorney at law as special judge on agreement in writing between defendant and the prosecuting attorney with the concurrence and approval of the court, and where the prosecuting attorney refused to agree to the election of a special judge, a special judge was not elected who refused to serve and consequently section 3994 never became operative.

3. ————: ————: ————: **Judge of Another Circuit Designated: Effect.** Section 2441, Revised Statutes 1919, providing that an attorney having the qualifications of a circuit judge may be elected as

(644)

special judge when the judge from any cause shall be unable to hold any term or part of term of court and shall fail to procure another judge for that purpose, is not applicable where the regular judge, acting under the provisions of section 2440, had designated the judge of another circuit to hold the term or part of the term of court.

4. ————: ————: ————: **Statute: Inoperative Where Only Two Attorneys Qualified to Vote Were Present.** Section 2441, Revised Statutes 1919, providing for the election of an attorney as special judge where the regular judge is unable to hold any term or part of term of court and not less than five attorneys are present, *held* that inasmuch as there were only seven attorneys present in court at the time, and, of the seven, five were counsel either for the State or for the defendant, leaving only two attorneys who were the only qualified voters present, there were not five attorneys of the court present qualified to vote, as contemplated by section 2441, and that the statute for that reason was inoperative in the present instance.

5. ————: ————: **Appointment of Judge of Another Circuit to Try Case: Legal and Proper.** Where the regular judge conferred with the judge of another circuit before defendant's application for a change of venue had been filed, but did not pass on the application until presented in open court, and until the attorneys were given opportunity to agree upon a special judge, after which time the regular judge requested such other judge to hold court, *held* that the designation of such other judge to hold court in this instance was proper and legal.

6. **INDICTMENT AND INFORMATION: Intoxicating Liquors: Charging Possession Without Specifying Particular Kind Possessed: Sufficient.** An indictment charging possession of intoxicating liquors without specifying the particular kind possessed, but which follows the language of the statute, *held* sufficient inasmuch as under section 6602, Revised Statutes 1919, the possession of all intoxicating liquors are prohibited and the indictment follows the language of the statute.

7. **INTOXICATING LIQUORS: Evidence: Conclusions: Testimony That Drink of Whiskey Made Witness Drunk: Competent.** In a prosecution for the possession of intoxicating liquor, a witness was properly permitted to testify that he took a drink of such whiskey and it made him drunk.

8. ————: ————: **Sufficiency.** In a prosecution for possessing intoxicating liquor, testimony of a witness that he took one drink of such liquor and that he would call it whiskey and that he knew that the

whiskey in the jug made several of the boys drunk, *held* sufficient upon which to predicate the verdict of guilty by the jury.

9. **APPELLATE PRACTICE:** Instructions: Motion for New Trial: Failure to Complain of Instruction in Motion for New Trial: Right to Complain on Appeal Not Saved: Failing to complain of the court's instruction in his motion for new trial, defendant failed to save the right to complain on appeal.

10. **INSTRUCTIONS:** Intoxicating Liquors: Instruction Permitting Jury to Find Defendant Guilty if he Possessed any Kind of Intoxicating Liquor: Not Erroneous: An instruction to find the defendant guilty if he possessed any kind of intoxicating liquor, without limiting it to whiskey, was not erroneous, for under section 6602, Revised Statutes 1919, defendant was guilty if he possessed intoxicating liquor of any kind or description containing the defined percentage of alcohol.

*Headnotes 1. Judges, 33 C. J., Section 214; 2. Judges, 33 C. J., Section 214 (Anno); 3. Judges, 33 C. J., Section 220; 4. Judges, 33 C. J., Section 220; 5. Judges, 33 C. J., Section 221 (Anno); 6. Intoxicating Liquors, 33 C. J., Section 438; 7. Criminal Law, 16 C. J., Section 1539; Intoxicating Liquors, 33 C. J., Section 529; 8. Intoxicating Liquors, 33 C. J., Sections 505, 543; 9. Criminal Law, 17 C. J., Section 3351; 10. Intoxicating Liquors, 33 C. J., Section 550.

Appeal from the Circuit Court of Lincoln County.—*Hon. Allen W. Walker*, Special Judge.

AFFIRMED.

*Howell & Jackson* and *Creech & Penn* for appellant.

(1)    (a)    The court was not authorized to grant a change of venue and call in a special judge to try the case prior to the time defendant had filed his petition for same. Autenrieth v. Schaff, 271 Mo. 248.    (b)    The law contemplates that defendant's petition for change of venue shall be heard and acted upon in court in term time, and that defendant has the right to consult and agree with the prosecuting attorney upon a member of the bar to try the case, to be approved by the court.    Sec. 3992, R. S. 1919.    (c)    In the event defendant and the prosecuting attor-

ney fail to agree on a member of the bar to try the case, the defendant has the right to have the clerk hold an election of a special judge to try the case, under Sec. 2441, R. S. 1919, provided the requisite number of attorneys are present in court and there were in this case when defendant requested that an election be held. State v. Downs, 164 Mo. 471; Autenrieth v. Schaff, 271 Mo. 248; Sales v. Barber Asphalt Paving Co., 166 Mo. 671. (d) (1) The jurisdiction of the regular judge to call the judge of another circuit to try a criminal cause depends on the refusal of a special judge to act after his election. Sec. 3994 R. S. 1919. (2) The special judge is not invested with jurisdiction in a case unless his appointment is in conformity to the manner prescribed by statute. State v. Gillham, 174 Mo. 670; Ex Parte Fish, 184 S. W. 479; Ladd v. Forsee, 163 Mo. 506; Bank v. Graham, 147 Mo. 147. (2) (a) (1) The motion to quash the indictment should have been sustained, since the indictment did not specify the kind or character of intoxicating liquor alleged to have been possessed by defendant, but charged in general terms possession of "intoxicating liquor." State v. Sills, 56 Mo. App. 408; State v. Gibbs, 129 Mo. App. 700; State v. Cox, 29 Mo. 475. (2) Ordinarily an indictment which charges the offense in the language of the statute is good, but where the statute does not individuate the offense and describes the offense in generic terms, the indictment must charge the offense in such specific and definite terms as to inform the defendant of what he is charged. State v. Laughlin, 160 Mo. 33; State v. Hogan, 31 Mo. 340; State v. Krueger, 134 Mo. 272; State v. Murphy, 141 Mo. 267; 22 Cyc. p. 343; 12 Standard Proc. p. 454; 10 Ency. Pldg. & Proc., pp. 487, 488; State v. Murphy, 164 Mo. App. 204; State v. Fare, 39 Mo. App. 110; State v. Clark, 223 Mo. 48; State v. Jones, 168 Mo. 402; State v. Kelly, 206 Mo. 693; State v. Patterson, 159 Mo. 98. (3) The court permitted the witness, Tommy Owens, to testify that the contents of the jug of which defendant was

charged with possessing, made ''several of them drunk,'' and that it made Louis Hutchens ''drunk,'' which was an invasion of the province of the jury and equivalent to telling the jury that the contents of the jug was intoxicating liquor, the identical issue on trial. It is error to allow the testimony to invade the province of the jury. Campbell v. Railroad, 175 Mo. 161; State v. Terry, 172 Mo. 213; State v. Pratt, 121 Mo. 566; Koons v. Railroad, 65 Mo. 592; Jackman v. Railway, 187 S. W. 786; Taylor v. Railway, 185 Mo. 239; Castanie v. United Rys. Co. 249 Mo. 192; Glascow v. Railway Co., 191 Mo. 347; Gutridge v. Railroad, 94 Mo. 468; McAuliffe v. Railways Co., 237 S. W. 129. (b)    To testify that certain liquor made some person drunk is the statement of a conclusion, the acts and conduct of the person should be described and leave the jury to draw the conclusion. State v. Terry, 172 Mo. 213; Brook v. City of Morrillton (Ark.), 111 S. W. 471; Jurt v. Railroad, 94 Mo. 255; Limbaugh v. Forum Lunch Co., 258 S. W. 454. (4)    The witness, Douglas Baker, knew nothing as to the facts of the case, his testimony had no bearing on any issue in the case and was highly prejudicial to defendant. (5)    Instruction No. 2 given for the State gave the jury a drag-net commission to find defendant possessed any kind of intoxicating liquor, and this after the State had got the witness Owen to say he ''would call it whisky.'' The prosecuting attorney continually referred to the contents of the jug as ''whiskey,'' and under this State of facts the jury should have been required to find that defendant possessed whiskey before they could convict him. The instruction was broader than the evidence, and an instruction must be within both the pleadings and the evidence. State ex rel. v. Ellison, 270 Mo. 645; Vance v. Anderson, 255 S. W. 322; Bank v. Murdock, 62 Mo. 70; Degonia v. Railroad, 224 Mo. 564; Mansur v. Botts, 80 Mo. 658. (6)    The court erred in not sustaining the demurrer to the evidence offered in the nature of a peremptory instruction. The evidence was

wholly insufficient as to whether the liquid in question was whiskey or intoxicating liquor. State v. Weagley, 240 S. W. 822; State v. Morrison, 240 S. W. 822; State v. Craft, 246 S. W. 931; State v. McIntyre, 256 S. W. 141.

*Grover C. Huston,* Prosecuting Attorney, and *Derwood E. Williams,* of Counsel, for respondent.

(1) (a) The change of venue in this case was granted by the court while in regular session on the 12th day of March, 1923, upon the application of the defendant, which was duly filed in said cause, by the defendant the 12th day of March, 1923. Title Guaranty Co. v. Drennon, 208 S. W. 474; Stegman v. Berryhill, 72 Mo. 307; Jewett v. Railway, 38 Mo. App. 51; State v. Church, 199 Mo. 605.; Secs. 3991, 3992, 3994, R. S. 1919. (b) Upon the failure or refusal of the prosecuting attorney and the defendant to agree on a member of the bar to try the case, the regular judge had the authority to call in a judge of another circuit as special judge to try the case, and was not required to order an election of a special judge under the provisions of section 2441, R. S. 1919, even though the requisite number of attorneys were present in court to hold an election. Secs. 2441, 3991, 3992, 3994, R. S. 1919; State v. Gilham, 174 Mo. 671; State v. Hunter, 171 Mo. 435; State v. Summar, 143 Mo. 220; Autenrieth v. Schaff, 271 Mo. 248. (c) The regular judge was within his rights in setting the cause down for immediate hearing, and in calling Judge Walker as special judge to try the cause, and the fact that Judge Walker was in Troy at the time was not prejudicial to the rights of the defendant. Section 3994, R. S. 1919; State v. Church, 199 Mo. 605, 625. (2) The indictment herein is in the language of the statute and that is sufficient. Section 6588, R. S. 1919, as amended by laws of 1921, pp. 413, 414. State v. Heilman, 246 S. W. 622; State v. Goetz, 255 S. W. 346; State v. Stegner, 276 Mo. 435; State v. Nash, 283 Mo. 34; State v. Berry, 255 S. W. 337; State v. Smith et al., 261 S. W. 696; State

v. Patterson, 222 S. W. 882; State v. Cantrell, 234 S. W. 800, 290 Mo. 232. (3) (a) The evidence on the count charging possession of intoxicating liquor is sufficient State v. Perkins, 240 S. W. 851; State v. Clark, 256 S. W. 554; State v. Heilman, 246 S. W. 623; State v. Hale, 256 S. W. 1092; State v. Kiely, 255 S. W. 343. (b) The trial court properly received the evidence that the liquor which had been in defendant's possession made several persons drunk. 22 C. J., p. 599, Sec. 694; Fulton v. Met. Street Ry. Co., 125 Mo. App. 239; Partello v. Railroad, 217 Mo. 645; Kirchof v. United Railway Co., 155 Mo. App. 70; Limbaugh v. Forum Lunch Co., 258 S. W., 451. (4) Instruction No. 2 complained of by appellant is a correct statement of the law applicable to the case, and the court was not required to confine the instruction to whiskey. State v. Bunyard, 253 Mo. 347; State v. Kyle, 177 Mo. 659; State v. Chauvin, 231 Mo. 31. (5) A witness who had suitable opportunities for observation may state whether a person was intoxicated, the extent of his intoxication; and whether he had been drinking or was just recovering from a state of drunkenness. Facts on which the opinion is based should be stated so far as this is practicable, and inconsistent facts may be inquired for on cross-examination.

DAVIS, C.—By an indictment filed on April 15, 1922, by the Grand Jury of Lincoln county, defendant was charged in the first count with selling about one gallon of intoxicating liquor to Louis Hutchens; and by the second count with possessing about one gallon of intoxicating liquor. On the trial the first count was dismissed, the jury returning a verdict on the second count against defendant, and assessing his punishment at thirty days in the county jail and a $300 fine. From the judgment entered thereon defendant appealed.

The State's evidence tends to show that on a certain Sunday in August, 1921, Louis Hutchens, the owner and operator of an automobile, with others seated there-

in, drove from Davis through Troy to Ethlyn to attend a baseball game. On their way to Ethlyn from Troy they came to the Withrow barn within the city limits of Troy. Near this barn the defendant was seen standing in the street near his car, which he had driven to the west side of the street. On approaching defendant, Louis Hutchens' car was stopped or slowed down, and defendant handed a jug to the occupants of the car driven by Louis Hutchens, or set the jug within.

Witness Tommy Owens, for the State, testified as follows: "Q. Did you taste or drink any of the contents of this jug? A. I took one drink, yes, sir. Q. What did you drink? The Court: He may state, if he knows, what it was. A. I would call it whiskey. Q. Anybody else in the crowd drink it? A. Yes, sir. Q. Who? A. Oh, they was five boys—four boys. Q. What effect, if any, did the whiskey have on you? A. None."

John Sweeney, for the State, testified: "Q. What effect, if any, did the contents of that jug have on the parties in that car? A. It had none. Q. What was it, what did it taste like? A. Well, I don't know, sour; I don't know what it was; it just tasted like nothing; never tasted nothing like it. Q. Did it have any kick at all? A. No."

Witness Tommy Owens was permitted to testify, in substance, that it made several of them (the boys) drunk.

Neither the jug nor the alleged whiskey mentioned in the evidence was produced or identified at the trial, nor was there any evidence that it was ever gauged or analyzed.

One Baker, a Federal Prohibition Agent, was permitted to testify in substance: That a liquid containing more than one-half of one per cent of alcohol was intoxicating, and that the lowest per cent by volume which distilled whiskey contains is twenty-five per cent.

Witness Owens, being recalled, was permitted to testify that one drink of the liquor in the jug made Louis Hutchens drunk.

I. Defendant complains of the action of the trial court in calling in to try the case Hon. ALLEN W. WALKER of the Ninth Judicial Circuit, charging as follows: (a) The court was not authorized to grant a change of venue and call in a special judge to try the cause prior to the time defendant had filed his petition for same; (b) The law contemplates that defendant's petition for change of venue shall be heard and acted upon in term time, and that defendant has the right to consult and agree with the prosecuting attorney upon a member of the bar to try the case, to be approved by the court; (c) In the event defendant and the prosecuting attorney fail to agree on a member of the bar to try the case, the defendant has the right to have the clerk hold an election of a special judge to try the case, under section 2441, Revised Statutes 1919, provided the requisite number of attorneys are present in court and such were present when defendant requested that an election be held; (d) The jurisdiction of the regular judge to call the judge of another circuit to try a criminal cause depends on the refusal of a special judge to act after his election; (e) The special judge is not invested with jurisdiction in a cause unless his appointment is in conformity to the manner prescribed by the statute."

The facts relative to the change of venue appear as follows: The cause was set for trial in the Lincoln county circuit court on March 12, 1923. On March 7, 1923, defendant served notice on the prosecuting attorney that he would on March 12, 1923, file an application for a change of venue on account of the bias and prejudice of Hon. EDGAR B. WOOLFOLK, Judge of the Lincoln county circuit court, a copy of which application for change of venue was attached to said notice at the time it was served on the prosecuting attorney. On March 8, 1923, the prosecuting attorney, in the forenoon, appeared at the office of defendant's attorneys, and notified them orally that Hon. EDGAR B. WOOLFOLK had called Hon. ALLEN W. WALKER of the Ninth Judicial Cir-

cuit to try the case on March 12, 1923, and that Hon. ALLEN W. WALKER would be present at 9 a. m. on said day to proceed with the trial, and that the prosecuting attorney then and there refused to agree with the defendant or his counsel upon some member of the bar possessing the qualifications of a circuit judge to try the case. On the afternoon of March 8, 1923, the prosecuting attorney served notice in writing on defendant's attorney by copy and filed the original, with the receipt of service thereon of defendant's attorneys, in the office of the clerk of the circuit court of Lincoln county. This notice provided, in substance, that the prosecuting attorney refused to agree with defendant to elect an attorney at law to try the cause, and further provided that Judge WOOLFOLK had notified Judge WALKER to begin the trial on March 12, 1923, and that Judge WALKER would be in the circuit court of Lincoln county at said time for the purpose of trying the above entitled cause.

On March 12, 1923, defendant filed his application for a change of venue, in due substance and form, which the court sustained.

On March 12, 1923, after the filing of the application for a change of venue by defendant, the following appears in the Bill of Exceptions, to which defendant excepted: "The application for change of venue is granted, and the prosecuting attorney having failed and refused to agree in writing or otherwise with the defendant and his attorney in the cause to elect some attorney at law who possesses all of the qualifications of a circuit judge, as special judge, to sit in the trial of this case, and the prosecuting attorney of Lincoln county, Missouri, failing and refusing to consent or to agree with the defendant or his attorneys to the election of a member of the bar of Lincoln county as special judge to try this cause, I, EDGAR B. WOOLFOLK, Judge of the circuit court of Lincoln county, Missouri, call in Hon. ALLEN W. WALKER, Judge of the Ninth District of the State of Missouri, to sit in the trial of this cause, and the time of the cause is set for 10:30 a. m. o'clock this day."

The testimony tends to show that the cause was specially set for trial on March 12, 1923, and that a jury was brought back with the consent and acquiescence of all the parties to this suit. Defendant's attorneys stated that this was not done with the consent of defendant, and the court stated to Mr. Penn: "I do not know whether you were in the case or not at the time, but I think Mr. Jackson will say that he agreed it might be set for trial on this day." Thereupon defendant protested against the action of the court in pre-arranging and prejudging the defendant's application for a change of venue at a time when no such application or petition was on file in court, and because the court did not confer with defendant or his attorney. The court then stated: That he first took up the matter with Judge WURDEMAN and Judge McELHINNEY, of St. Louis county, and Judge GANTT, of Audrain county, and Judge HAYES of Marion count, all circuit judges of the State of Missouri, and, each of them being unable to be present, he conferred with Judge WALKER, who consented to be present. The following appeared: "Mr. Penn: Your Honor, may I inquire if all that was not done out of court; the court was not in session? The Court: Yes, it was done before this day, with a view of getting this case tried today, it was done out of court. Mr. Penn: In vacation of court? The Court: The jury coming in here to try the case, yes, in vacation." The testimony further tends to show that seven members of the Lincoln county bar were present in court, the attorney for defendant then stating: "Now, the prosecuting attorney having refused to elect, or to join with the attorneys for the defendant in the selection of an attorney to try this case, we as attorneys for defendant demand of the court the right to an election of a member of the bar of this court, naming seven attorneys, two of the members present not being interested in the trial of the case, not being witnesses for defendant nor for the State of Missouri," which request the court denied and overruled, defendant saving his exceptions.

The court admitted that more than five members of the bar were present.

The finding of the court with respect to a special judge is as follows: "And the prosecuting attorney of Lincoln county, Missouri, failing and refusing to consent or to agree with the defendant or his attorneys to the election of a member of the bar of Lincoln county as special judge to try this cause," etc. We construe the finding of the court immediately preceding as referring to the special judge mentioned in section 3992, Revised Statutes 1919, for that is the only section, as far as we are able to find, in relation to the election of attorneys at law where the judge of the court is incompetent or incapacitated, that mentions in the body of the statute the words "special judge." It is true that section 2441 is headed and entitled "SPECIAL JUDGE, WHEN ELECTED," but the body of section 2441 fails to speak of a special judge. It is evident, and we therefore construe the finding of the court as finding, after the application for a change of venue had been filed and presented to the court, that the prosecuting attorney refused to consent or agree with the defendant to the election of a special judge, under section 3992. Inasmuch as the opportunity to agree upon a special judge, after the filing and presentation of the application for a change of venue to the court, was afforded defendant by the court and denied by the action of the prosecuting attorney in refusing to agree to the election of a special judge, said section 3992, on the facts in this case, became inoperative.

Section 3994, Revised Statutes 1919, provides in part as follows: "If, in any case, the judge shall be incompetent to sit, for any of the causes mentioned in section 3991, and no person to try the case will serve when elected as such special judge, the judge of said court shall in either case set the case down for trial on some day of the term, or on some day as early as practicable in vacation, and notify and request another circuit or criminal judge to try the case," etc. Inasmuch as sec-

tions 3992, 3993 and 3994, mention the words "special judge," and inasmuch as section 3994 states "as such special judge," we construe section 3994 from the context of the three statutes mentioned immediately above, with respect to a special judge refusing to serve when elected, as referring to the election of an attorney at law as special judge upon agreement in writing between defendant and the prosecuting attorney, with the concurrence and approval of the court, as stated in section 3992. It is evident then, that section 3994 is inapplicable to the facts in this case, for by the refusal of the prosecuting attorney to agree to the election of a special judge, a special judge was not elected who refused to serve, and said section 3994 never became operative.

Says the defendant, however, the defendant had the right to have the election of a special judge held to try the case, under section 2441. By referring to section 2440, Revised Statutes 1919, we find that by request of the judge, the proper conditions obtaining, or for any cause, the judge of any other circuit may be designated by the judge of the circuit to hold the term or part of the term of court. Reverting to section 2441, we find that the attorney to be elected referred to therein may only be elected having the qualifications of a circuit judge when the judge, from any cause, shall be unable to hold any term or part of term of court, *and shall fail to procure another judge for that purpose.* It is evident, therefore, that before an attorney may be elected to hold court, under section 2441, the judge shall fail to procure another judge, to-wit, the judge of any other circuit, to hold said term or part of term of court.

Again, the record shows that there were seven attorneys present in court at the time the change of venue was granted, to-wit, Messrs. Burns, Sutton, Jackson, Penn, Creech, Huston and Williams, of whom Messrs. Jackson, Penn and Creech were present representing defendant, and Messrs. Huston and Williams were present representing the State, all attorneys of record in

the cause. Messrs. Burns and Sutton only were present as qualified voters.

In 33 C. J., page 1031, sec. 220, it is said: "An attorney concerned in the case cannot vote, but it has been held, in order to disqualify him, he must be of counsel at the time the election is held," citing State v. Sanders, 106 Mo. 188, 17 S. W. 223.

In the Sanders case (l. c. 193), supra, it is said: "Moreover, the agreed statement does not show that he was counsel in the case when the election was held, which is necessary to a disqualification under the statute."

In Low v. State, 111 Tenn. 81, 78 S. W. 110, it is held that, where the election of a special judge is to try a certain case or cases, the entry should show that the attorneys therein interested took no part in the election.

We, therefore, conclude that, as Messrs. Burns and Sutton were the only qualified voters present, there were not five attorneys of the court present qualified to vote, as contemplated by section 2441, and that the statute, for that reason, was inoperative in the present instance.

We think the record shows that defendant's application for a change of venue was heard and acted upon by the court in court time; and that the record shows that thereafter defendant was afforded an opportunity to consult and agree with the prosecuting attorney upon a member of the bar to try the case after the application for a change of venue had been filed, presented to the court, and sustained. It is true that the judge conferred with the judge of another circuit before the application for a change of venue had been filed, and that he had such judge present; but it is evident that he did not pass upon the application for a change of venue until it had been presented in open court and until the attorneys were given an opportunity to agree upon a special judge; nor did he request the judge of another circuit to hold court and try the case until such things happened. We think

216 M. A.—42

the court properly and legally requested Hon. ALLEN W. WALKER to hold court in this instance.

II.   Defendant contends that the indictment should have been quashed, because it charged in general terms the possession of intoxicating liquors without specifying the kind or character of liquor.   It charged in part that ''One Cassander Stewart did then and there wilfully and unlawfully have and possess a certain quantity of intoxicating liquor, to-wit, about one gallon of intoxicating liquor,'' etc.   Generally speaking, the possession of intoxicating liquor is now unlawful.   Section 6602, Revised Statutes 1919, defines intoxicating liquor as meaning and including any distilled, malt, spiritous, vinous, fermented or alcoholic liquor, all alcoholic liquids, whether proprietary, patented or not, which contain one-half of one per centum of alcohol by volume and which are potable or capable of being used as a beverage, etc.   It is clear from the statute that intoxicating liquors of whatever kind or description containing the defined percentage of alcohol are contraband.

In People v. Sweetser, 46 N. W. 452, it is said:

''The statute uses the comprehensive phrase intoxicating liquors.   That includes all kinds of liquors that will produce intoxication, and makes the sale of all alike unlawful; and it matters not what particular kind is sold, the offense is the same.   Neither can it be material to the defense except that it might close a very wide door through which otherwise the guilty might escape. Were the prosecution required to allege the specific kind of liquor, it might be very difficult to· prove it in these days of adulteration and villainous concoctions.''

In a number of foreign jurisdictions it has been held that an indictment for unlawfully selling intoxicating liquor need not aver or describe the particular kind of liquor sold.   [State v. Dorr, 19 Atl. 861; People v. Walbaum, 46 N. W. 452; State v. Callahan, 28 N. E. 717; State v. Griebel, 211 Pac. 331; State v. Sullivan, 166 Pac. 1123; State v. Duff, 94 S. E. 498; Mayabb v. State, 255

S. W. 189; Tucker v. State, 251 S. W. 1090; Gavalis v. State, 135 N. E. 147; Massey v. U. S. 281 Fed. 293; State v. Wyman, 13 Atl. 47; 23 Cyc. 228, 232; Booth v. U. S., 197 Fed. 283; Black on Int. Liq., sec. 467; Commonwealth v. Conant, 72 Mass. (6 Gray) 482; Commonwealth v. Ryan, 75 Mass. (9 Gray) 137; State v. Downs, 116 N. C. 1064; State v. Teahan, 50 Conn. 92; State v. Whalen, 54 Iowa, 753; Foreman v. Hunter, 59 Iowa, 550; State v. Brooks, 33 Kas. 708.]

Defendant relies on State v. Cox, 29 Mo. 475, as authority for holding the indictment insufficient. We agree with the statement of the court in Edwards v. Brown, 67 Mo. 377, in referring to State v. Cox, supra, to-wit: "It is not clear, from the reported opinion in that case, what was the precise defect in the indictment." The same criticism was made in State v. Sills, 56 Mo. App. 408, the court holding the information insufficient, however, because that case could not be distinguished from the Cox case. The objection made to the information in the Sills case, charging defendant with unlawfully selling intoxicating liquors in less quantity than three gallons, was that it fails to state in what quantity the liquor was sold.

State v. Ryan, 30 Mo. App. 159; State v. Baldwin, 56 Mo. App. 423; State v. Gibbs, 129 Mo. App. 700, 108 S. W. 588; State v. Cragg, 132 Mo. App. 461, 111 S. W. 856; State v. Clinkenbeard, 136 Mo. App. 189, 115 S. W. 1059, and State v. Russell, 189 Mo. App. 677, 175 S. W. 278, discuss the objection that the quantity of the liquor sold was not stated in the indictment, and are therefore not in point, for the indictment in the present case charges defendant with possessing a certain quantity of intoxicating liquor, to-wit, about one gallon, etc.

The question before us involves the charge of possessing intoxicating liquor without specifying the particular kind possessed.

In State v. Melton, 38 Mo. 369, the objection to the indictment was that it did not specify the particular kind

of liquor sold, the court holding that naming the particular kind of spiritous or alcoholic liquor was unnecessary.

In State v. Rogers, 39 Mo. 431, the defendant was charged with selling spiritous and alcoholic liquors without first taking the oath and giving the bond prescribed by statute, the court holding that it was unnecessary to name or specify the particular kind of liquor sold.

In State v. Kurtz, 64 Mo. App. 123, the charge was selling intoxicating liquors on Sunday. The objection that the information did not specify the kind of liquor was overruled.

In State v. Blands, 101 Mo. App. 618, 74 S. W. 3, an affidavit charging the sale of intoxicating liquor was held sufficient, citing Kelly's Crim. Law, sec. 1074, and State v. Melton, 38 Mo. 368.

In State v. Roehm, 61 Mo. 82, the defendant was charged with selling fermented and distilled liquors on Sunday. The court held the indictment followed the language of the statute in describing the offense, and that was sufficient.

In State v. Braun, 83 Mo. 480, the indictment charged defendant with unlawfully selling intoxicating liquor. The Attorney General called attention to State v. Cox, 29 Mo. 475. The court said: "Following the authority of State v. Roehm, 61 Mo. 82, the indictment must be held sufficient."

In State v. Burk, 151 Mo. App. 188, 131 S. W. 883, the defendant was charged, under local option laws, with unlawfully selling distilled, fermented and intoxicating liquor, to-wit, one bottle of beer. The court said: "It was not necessary that the information should specify the kind of liquor sold. If the information had made the charge that defendant sold intoxicating liquor, it would have been sufficient within stating the kind of liquor sold. [State v. Blands, 101 Mo. App. 123.] The charge of a sale of intoxicating liquor, under this statute, if the information had followed the language of the

statute, would have been sufficient. It will be seen that, under the authorities, the word 'beer' was wholly an unnecessary allegation, and that the substantial part of the information is the charge of a sale of intoxicating liquor; that it need not have named beer in the information, as it was sufficient to allege that defendant sold intoxicating liquor. [23 Cyc. 229.] But under a well known rule of pleading, where an information contains unnecessary allegations, they are material if they are descriptive of the identity of what is essential, and in such case they must be proved as laid, and cannot be rejected as surplusage. [22 Enc. Pl. & Pr. 556.]''

It is evident our statute, regarding intoxicating liquor, has abolished distinctions, and that if there ever was any virtue in defendant's contention it does not now exist. The crime is the unlawful sale or possession of intoxicating liquor, whether heretofore denominated whiskey, wine or beer, and embraces every kind and description. The punishment prescribed by statute falls alike on all caught violating its terms, whether they sell or possess whiskey, wine, beer, or other kind of intoxicating liquor. It would avail defendant nothing, or tend to inform him of the crime charged, by specifying or naming the liquor. If the liquor contained one-half of one per centum of alcohol by volume and was potable and capable of being used as a beverage, an indictment charging the possession of intoxicating liquor, without naming it, was sufficient to inform him of the crime charged and would operate as *autrefois* convict, or *autrefois* acquit. Inasmuch as the possession of all intoxicating liquors are prohibited, and inasmuch as the indictment follows the language of the statute, we think it sufficient.

III. Defendant complains of the action of the trial court in permitting witness Owens to testify that Owens took a drink of this whiskey and it made him drunk, because it invaded the province of the jury and was a conclusion.

In 22 C. J., page 599, sec. 694, it is stated, in sub-
stance, that a witness who had suitable opportunities
for observation may state whether a person was intoxi-
cated, the extent of his intoxication, and whether he had
been drinking, or was just recovering from a state of
drunkenness. Facts on which the opinion is based should
be stated so far as this is practicable, and inconsistent
facts may be inquired for on cross-examination.

In Limbaugh v. Forum Lunch Co., 258 S. W. 451,
it is held that a witness may state whether a person was
intoxicated and the extent of his intoxication. We do
not think the court committed any error in permitting
the witness to so testify. [Fulton v. Met. St. R. Co., 125
Mo. App. 239, 102 S. W. 47; Kirchof v. United Rys. Co.,
155 Mo. App. 70, 135 S. W. 98.]

IV. Defendant also complains of the action of the
trial court in refusing to sustain a demurrer to the evi-
dence. Defendant says that the witness Owens' state-
ment that he took one drink from the jug and that he
would 'call it whiskey, was insufficient evidence upon
which to base a conviction. We do not agree with de-
fendant's contention, however, for the witness by saying,
"I would call it whiskey," was giving his best opinion
as to what the liquid was. Moreover, the witness stated
that he knew the whiskey in the jug made several of them
(the boys) drunk, and that Louis "Hutch" took a drink
of this whiskey and it made him drunk. This evidence
was sufficient in our opinion upon which to predicate the
verdict of guilty by the jury. We do not think that State
v. Weagley, 240 S. W. 822, State v. Morrison, 240 S. W.
822; State v. Craft, 246 S. W. l. c. 931, or State v. Mc-
Intyre, 256 S. W. 141, are applicable to the facts here.

V. Defendant complains of instruction No. 2 given
for the State. The record shows that this instruction was
given by the court of its own motion. Defendant's mo-
tion for a new trial does not complain of instruction No.
2 as the court's instruction, but says that the court erred

in giving plaintiff's instruction No. 2. Failing to complain of the court's instruction in the motion for a new trial, defendant has failed to save the right to complain. However, defendant says that the instruction is error, because it gave the jury a roving commission to find defendant guilty if he possessed any kind of intoxicating liquor without limiting it to whiskey, and that the instruction was broader than the evidence. We do not consider the instruction error in this regard, for under our prohibition laws defendant was guilty if he possessed intoxicating liquor, of any kind or description, containing the defined percentage of alcohol.

The Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of DAVIS, C. is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.